Jamiah Smith

Case No. 50-2023CA000794XXXXMB AJ

# EXHIBIT A

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

###   I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Jamiah Smith</u>
Plaintiff                                                                Case # _____
                                                                         Judge _____
vs.
<u>The City of West Palm Beach, Nicholas Lordi</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

   **III.   TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Christopher Haddad      Fla. Bar # 879592
     Attorney or party           (Bar # if attorney)

Christopher Haddad         01/27/2023
(type or print name)        Date

NOT A CERTIFIED COPY

*** CASE NUMBER: 502023CA000794XXXXMB Div: AJ ****
Filing # 165607482 E-Filed 01/27/2023 12:30:48 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                          CASE NO.:

    Plaintiff,                                DIVISION:

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

    Defendants.
_____/

TO:   The City of West Palm Beach
      c/o West Palm Beach City Attorneys
      200 2nd St.
      West Palm Beach, FL 33401

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant, The City of West Palm Beach.

      The Defendant is required to serve written defenses to the Complaint on Christopher A. Haddad, Plaintiff's attorney, whose address is 319 Clematis Street, Ste 812, West Palm Beach, Florida 33405, within thirty (30) days after service of this Summons on the Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a Default will be entered against the Defendant for the relief demanded in the Complaint.

Dated: ~~00000000000000~~

**01/30/2023**

JOSEPH ABRUZZO
As Clerk of the Court

By: _Janis Sustache_ _____
             As Deputy Clerk
            **Janis Sustache**

Page 1 of 3

# IMPORTANT

A lawsuit has been filed against you. You have 30 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff's Attorney, named below:

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812,
West Palm Beach, Florida 33405
(561) 832-1126

# IMPORTANTE

Usted ha sido demandado legalmente. Tiene 30 días, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa. debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Se desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la personal denominada abajo como 'Plaintiff/Plaintiff's Attorney' (Demandante o Abogado del Demandante).

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812,
West Palm Beach, Florida 33405
(561) 832-1126

# IMPORTANT

Des poursuites judiciaries ont ete enterprises contre vous. Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci dessus et

du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Ily a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuair de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au 'Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat nomme ci-dessous.

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812,
West Palm Beach, Florida 33405
(561) 832-1126

**This notice is provided pursuant to Administrative Order No. 2.207-6/22 (ADA)**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

**SPANISH**
"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

**CREOLE**
"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konto Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                               CASE NO.:   2023CA000794XXXXMB

    Plaintiff,                              DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

    Defendants.
_____/

## COMPLAINT

Plaintiff, **JAMIAH SMITH**, sues Defendants, **THE CITY OF WEST PALM BEACH**, and **NICHOLAS LORDI**, in his official capacity, for a tortious battery, and asserts the following:

### PARTIES

1.    At all times material hereto, Plaintiff, **JAMIAH SMITH**, (hereinafter **"PLAINTIFF"**) was an adult resident of Palm Beach County, Florida.

2.    At all times material hereto, Defendant, **THE CITY OF WEST PALM BEACH** (hereinafter **"CITY"**) was incorporated in Palm Beach County, FL.

3.    At all times material hereto, Defendant **THE CITY OF WEST PALM BEACH** operated the West Palm Beach Police Department (hereinafter **"WPBPD"**) and employed all WPBPD officers, including Defendant **NICHOLAS LORDI** (hereinafter **"LORDI"**).

4.    In compliance with Florida Statute, § 768.28(6), **PLAINTIFF** has sent written notice to **DEFENDANTS** and the Department of Insurance for the State of Florida by United States Postal Service, Certified Return Receipt.

5.    At all times material hereto, the incident that gave rise to this action took place in

1

Palm Beach County, Florida.

## FACTS

6.      On JANUARY 11, 2020, **PLAINTIFF** was in the area of the 600 block of 4th Street in West Palm Beach, Florida.

7.      At approximately 12:40 A.M., Officer Nicholas **LORDI** (01979) was in the area investigating a reported stabbing.  **LORDI** and Officer Parton made contact with an injured male, later determined to be **PLANITIFF'S** step-father who was in the rear of an ambulance receiving medical care with a bandage around his head and bleeding from his upper extremities.

8.      Officer **LORDI** observed a male, later identified as **PLAINTIFF** standing near the area of the ambulance.

9.      **PLAINTIFF** was concerned about the well-being of his step-father who was bleeding and was reportedly the victim of a stabbing.

10.     **PLAINTIFF** inquired of **LORDI** about the man's well-being, stating "what's going on",  and was forcibly pulled away from the area near the ambulance by **LORDI**.

11.     **LORDI** then pushed and grabbed **PLAINTIFF**, violently swing him around, then throwing  him down to the pavement.

12.     **LORDI** then yanked **PLAINTIFF'S** arm backward while grabbing his wrist with tremendous force, and keeping it in that position.

13.     **PLAINTIFF** was in obvious extreme pain, pleading with **LORDI** to stop to no avail.

14.     The force applied to **PLAINTIFF'S** arm was so severe and constant that it caused a fracture.

2

15. **LORDI** kept **PLAINTIFF** in that position until the police handcuffed **PLAINTIFF** on the ground.

16. **PLAINTIFF** was then arrested and charged with resisting arrest without violence, which was an obvious charge levied to justify the improper use of excessive force by **LORDI** against **PLAINTIFF** constituting battery in violation of Florida law.

17. **PLAINTIFF** was transported to Saint Mary's Medical Center and examined where he was determined to have sustained an Acute transverse fracture to the waist of the scaphold.

18. The entire encounter was captured on body-cam footage and shows that **PLAINTIFF** at no time resisted or otherwise posed any threat of violence to **LORDI** or any other police officer at the scene.

19. The improper and offensive touching by **LORDI** against PLAINTIFF was committed against **PLAINTIFF'S** will and without **PLAINTIFF'S** consent.

## CLAIM I – TORT BATTERY

**PLAINTIFF** sues **DEFENDANTS, CITY OF WEST PALM BEACH** and **NICHOLAS LORDI** in his official capacity, and alleges:

20. **PLAINTIFF** re-alleges and re-avers the allegations contained in paragraphs 1-20 as though fully alleged and averred herein.

21. **DEFENDANTS** wrongfully and intentionally applied force to **PLAINTIFF's** body in a harmful manner without **PLAINTIFF's** consent when **LORDI** swung **PLAINTIFF** around violently throwing him to the ground causing severe pain and suffering, a fractured hand and severe and extreme emotional distress.

22. **DEFENDANTS** used an unreasonable amount of force when **LORDI** swung

3

**PLAINTIFF** and threw him to the ground because **PLAINTIFF** posed no actual or apparent threat and was merely inquiry about the well-being of a loved one who was seriously injured.

23.     The resultant damages to the **PLAINTIFF** were significant including causing bruises and abrasions and a fractured hand and subsequent mental distress, loss of sleep, anxiety, headaches, and prolonged pain and suffering.

WHEREFORE, **PLAINTIFF** prays he be awarded:

a.     Judgment for compensatory damages in excess of $50,000.00 dollars;

b.     Costs of suit;

c.     Trial by jury as to all issues so triable; and

d.     Such other relief as this Honorable Court deems just and appropriate.

Dated:  Jan 27, 2023

Respectfully Submitted,

By:_____

CHRISTOPHER HADDAD, ESQ.
LAW OFFICE OF CHRISTOPHER A. HADDAD
319 Clematis Street, Suite 812
West Palm Beach, Florida 33401
Tel: (561) 832-1126
Fax: (561) 832-1127
chris@chrishaddad.com and pat@chrishaddad.com
Fla. Bar # 0879592

4

Filing # 166880045 E-Filed 02/15/2023 03:27:46 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**

　　　　　　　　　Plaintiff,                    **CASE NO. 50-2023-CA-**
　　　　　　　　　　　　　　　　　　　　　　　　**000794XXXXMB**
v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

　　　　　　　　　Defendant.
_____/

**NOTICE OF APPEARANCE**

　　　　Shawna G. Lamb, Senior Assistant City Attorney, hereby enters her appearance as counsel for

Defendant, CITY OF WEST PALM BEACH, in the above styled-cause and notes pursuant to section

768.28, Florida Statutes, that written defenses or motions responsive to the Complaint are not due until

***thirty (30) days*** after service of the summons, exclusive of the date of service, on this governmental

Defendant.

**CERTIFICATE OF SERVICE**

　　　　**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 15th day
of February 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF
CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

　　　　　　　　　　　　　　　OFFICE OF THE CITY ATTORNEY
　　　　　　　　　　　　　　　CITY OF WEST PALM BEACH
　　　　　　　　　　　　　　　401 Clematis Street, Fifth Floor
　　　　　　　　　　　　　　　West Palm Beach, FL 33401
　　　　　　　　　　　　　　　Telephone; (561) 822-1375
　　　　　　　　　　　　　　　Facismile: (561) 822-1373

　　　　　　　　　　　　　　By: *Shawna S. Lamb*
　　　　　　　　　　　　　　　　Shawna G. Lamb, Esquire
　　　　　　　　　　　　　　　　Fla. Bar No. 0143634

Filing # 166880045 E-Filed 02/15/2023 03:27:46 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**

           Plaintiff,                          **CASE NO. 50-2023-CA-**
                                                 **000794XXXXMB**
v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

           Defendant.

_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO FLA. R. JUD. ADMIN. 2.516

Defendant, CITY OF WEST PALM BEACH, by and through its undersigned counsel,

hereby designates, pursuant to Florida Rule of Judicial Administration 2.516, the following email

addresses for the purpose of service of all documents required to be served on parties in the above-

styled matter as follows:

    Primary e-mail:    sglamb@wpb.org
    Secondary e-mail    dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 15th day
of February 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF
CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

           OFFICE OF THE CITY ATTORNEY
           CITY OF WEST PALM BEACH
           401 Clematis Street, Fifth Floor
           West Palm Beach, FL 33401
           Telephone; (561) 822-1375
           Facisimile: (561) 822-1373

    By: _Shawna S. Lamb_
           Shawna G. Lamb, Esquire
           Fla. Bar No. 0143634

Filing # 166966121 E-Filed 02/16/2023 02:48:29 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                      CASE NO.:50-2023-CA-000794XXXXMB

      Plaintiff,                                DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

      Defendants.

_____/

## NOTICE OF FILING RETURN OF SERVICE

    **NOTICE IS HEREBY GIVEN** that Plaintiff, **JAMIAH SMITH**, through undersigned counsel, hereby files a Return of Service on Defendant, **NICHOLAS LORDI, in his Official Capacity**, a copy of which is attached hereto along with the relevant standing order.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic filing with the Florida Courts E-Filing Portal on this 16th day of February, 2023 to the following: OFFICE OF THE CITY ATTORNEY, 401 Clematis St, 5th Fl., West Palm Beach, FL 33401; sglamb@wpb.org; dycargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org and WAYDE JEREMIE (WPBPD COURT LIAISON), wpbliaison@wpb.org

Respectfully submitted,

**: /s/ Christopher A. Haddad**
CHRISTOPHER A. HADDAD
Florida Bar Number: 0879592
Counsel for Plaintiff

THE LAW OFFICE OF
  CHRISTOPHER A. HADDAD, P.A.
319 Clematis Street, Suite 812
West Palm Beach, Florida 33401
Tel: (561) 832-1126

# RETURN OF SERVICE

**State of Florida**　　　　　　　　　**County of Palm Beach**　　　　　　　**15th Judicial Court**

Case Number: 502023CA000794XXXXMB

Plaintiff: **JAMIAH SMITH**
vs.
Defendant: **THE CITY OF WEST PALM BEACH;and NICHOLAS LORDI,
in his Official Capacity**

ROC2023000906

For:
Christopher A. Haddad, Esq.
Christopher A. Haddad, P.A.
7301 S. Dixie Hwy
West Palm Beach, FL 33405

Received by Nixon Fleurimond on the 31st day of January, 2023 at 11:45 am to be served on **Nicholas Lordi c/o Mayor Keith James, 401 Clematis Street, Fifth Floor, West Palm Beach, FL 33401**.

I, Nixon Fleurimond, do hereby affirm that on the **1st day of February, 2023** at **9:52 am, I:**

**SERVED**  a true copy of the  **Summons, Complaint and Standing Order for Case Management and Submission of Agreed Case Management Plan in Civil Cases in the Fifteenth Judicial Circuit Filed on or After April 30, 2021 (DCMSO)** with the date and hour endorsed thereon by me after reading the style of the case and explaining the contents of the matter aloud to **Jeremy Wade**  as **Court Liaison**  who stated that **he** is the **LEGAL COUNSEL**  for  **Nicholas Lordi** .  Service was effected at the address **401 Clematis Street, Fifth Floor, West Palm Beach, FL 33401** .

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: Black, Height: 6'0", Weight: 205, Hair: Bald, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.  I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the county in which service was effected in accordance with State Statutes.

**Nixon Fleurimond**
Process Server 1316

**Rock Legal Services & Investigations Inc
2048 Ponce De Leon Avenue
West Palm Beach, FL 33407
(561) 296-7574**

Our Job Serial Number: ROC-2023000906
Ref: Smith v. WPB, Lordi

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

Filing # 167819234 E-Filed 03/01/2023 02:49:44 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,

                Plaintiff,

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

                Defendant.

_____/

**CIVIL DIVISION AJ**

**CASE NO. 502023CA000794XXXXMB**

## AMENDED NOTICE OF APPEARANCE

Shawna G. Lamb, Senior Assistant City Attorney, hereby enters her appearance as counsel for Defendant, CITY OF WEST PALM BEACH and NICHOLAS LORDI, in his Official Capacity, in the above styled-cause and notes pursuant to section 768.28, Florida Statutes, that written defenses or motions responsive to the Complaint are not due until *thirty (30) days* after service of the summons, exclusive of the date of service, on this governmental Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 1st day of March 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
Telephone; (561) 822-1375
Facsimile: (561) 822-1373

By: _Shawna S. Lamb_
Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

Filing # 167819234 E-Filed 03/01/2023 02:49:44 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                 **CIVIL DIVISION AJ**

        Plaintiff,                           **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR MOTION TO STRIKE DEFENDANT LORDI

COMES NOW the Defendants, CITY OF WEST PALM BEACH ("City") and NICHOLAS LORDI, in his Official Capacity ("Officer Lordi"), by and through the undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.140(b)(6) and (f), and hereby files this Motion to Dismiss Plaintiff's Complaint or Motion to Strike Defendant Officer Lordi, and states:

1. This is an action for damages allegedly arising from a battery on January 11, 2020.

2. On February 1, 2023, the Defendants were served with a Summons and Complaint setting forth a claim for personal injuries against the Defendants. [DE 5].

3. Specifically, the Complaint alleges a state law battery claim in Count I against the City and Officer Lordi, in his Official Capacity.

4. However, the Complaint must be dismissed as "a suit against a defendant in his official capacity is, in actuality, a suit against the governmental entity which employs him." *Stephens v. Geoghegan*, 702 So. 2d 517, 527 (Fla. 2d DCA 1997). "Because suits

Smith v. City of WPB, at al.
Case No. 502023CA000794XXXXMB AJ
Motion to Dismiss Complaint or to Strike
Page 2 of 3

against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *De Armas v. Ross*, 680 So.2d 1130, 1131-32 (Fla. 3d DCA 1996) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *see also Gualtieri v. Bogle*, 343 So. 3d 1267, 1271 (Fla. 2d DCA 2022) (trial court erroneously denied motion to dismiss claim against defendant in his official capacity when government employer was also named).

5. Accordingly, it is redundant to keep both the City and Officer Lordi, in his Official Capacity, for a state law battery claim. *See id.* As a result, the Complaint must be dismissed as a matter of law. *See id.*

6. In the alternative, the claim against Officer Lordi must be struck as redundant pursuant to Florida Rule of Civil Procedure 1.140(f).

WHEREFORE, for the aforementioned reasons, the Defendants respectfully request that this Court enter an Order granting this Motion and dismiss the Complaint or, in the alternative, striking Officer Lordi, in his Official Capacity, and grant such other and further relief that this Court deems just and proper.

Smith v. City of WPB, at al.
Case No. 502023CA000794XXXXMB AJ
Motion to Dismiss Complaint or to Strike
Page 3 of 3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through the e-filing Portal on this 1st day of March 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
Telephone; (561) 822-1375
sglamb@wpb.org
kpatrick@wpb.org

By: *Shawna S. Lamb*
Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

Filing # 168283466 E-Filed 03/08/2023 11:29:11 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CASE NO.:50-2023-CA-000794XXXXMB

      Plaintiff,                                   DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

      Defendants.

_____/

**NOTICE OF DESIGNATION OF E-MAIL SERVICE ADDRESS**
**PURSUANT TO RULE 2.516**

     The Plaintiff, JAMIAH SMITH, by and through his undersigned counsel, hereby designates his primary and one additional e-mail service address pursuant to Rule 2.516 as follows:

      Primary:          chris@chrishaddad.com
      1st Additional:    pat@chrishaddad.com

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic filing with the Florida Courts E-Filing Portal on this 8th day of March, 2023 to the following: Office of the City Attorney, sglamb@wpb.org; dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org.

                Respectfully submitted,

                CHRISTOPHER A. HADDAD
                Attorney for Plaintiff
                319 Clematis Street, Suite 812
                West Palm Beach, FL   33401
                (561) 832-1126

                BY: */s/ Christopher A. Haddad*
                CHRISTOPHER A. HADDAD
                Florida Bar Number: 0879592

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AJ

CASE NO. 50-2023-CA-000794-XXXX-MB

JAMIAH SMITH,
   Plaintiff/Petitioner
vs.
THE CITY OF WEST PALM BEACH,
NICHOLAS LORDI,
  Defendant/Respondents.
_____/

## ORDER SETTING HEARING

**THIS MATTER** is specially set for hearing before **JUDGE MAXINE CHEESMAN via Zoom**, as follows:

**DATE:** Monday, May 15, 2023
**TIME:** 11:45 AM
**MATTER:** Motion to Dismiss
**ZOOM LINK:** https://us02web.zoom.us/j/85452103883
**Meeting ID: 854 5210 3883**
**Password: none needed**
**Dial by phone: 1-877-853-5257 (US Toll-free), 1-888-475-4499 (US Toll-free)**

    The Attorneys/Parties must submit directly to the Court no later than seven (7) days prior to the hearing:

      1. Copies of all relevant pleadings by mail
      2. Copies of case law authority

Case No. 50-2023-CA-000794-XXXX-MB

**NOTE: This hearing is specially set by Court Order and CANNOT BE CANCELLED, RESET OR ADDED ON TO EXCEPT BY FURTHER COURT ORDER.**

Counsel requesting this Order has certified that he/she has attempted to speak in person or by telephone with the attorney(s) for all parties who may be affected by the relief sought in the motion.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2023-CA-000794-XXXX-MB     03/20/2023
Maxine Cheesman
Circuit Judge

Copies furnished:

| | | |
|---|---|---|
| CHRISTOPHER ALFRED HADDAD | 319 CLEMATIS STREET SUITE 812 WEST PALM BEACH, FL 33401 | chris@chrishaddad.com chris@chrishaddad.com pat@chrishaddad.com |
| SHAWNA G LAMB | 401 CLEMATIS STREET FL 5 WEST PALM BEACH, FL 33401 | sglamb@wpb.org sglamb@wpb.org kpatrick@wpb.org svegas-catinella@wpb.org |

Case No. 50-2023-CA-000794-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

Filing # 171167485 E-Filed 04/17/2023 04:03:56 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                CASE NO.:   2023CA000794XXXXMB

      Plaintiff,                             DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF WEST PALM BEACH

**NOTICE IS HEREBY GIVEN THAT** the Plaintiff, **JAMIAH SMITH**, by and through

his undersigned attorney, hereby serves his Interrogatories numbered one (1) through twenty-

three (23) on Defendant, **THE CITY OF WEST PALM BEACH**, pursuant to Rule 1.340 of the

Florida Rules of Civil Procedure to be answered within the time permitted by law.

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served
via electronic filing with the Florida Courts E-Filing Portal on this 17th day of April, 2023 to the
following: Office of the City Attorney, sglamb@wpb.org; dyeargin@wpb.org;
kpatrick@wpb.org; svegas-catinella@wpb.org.

                     Respectfully submitted,

                     CHRISTOPHER A. HADDAD
                     Attorney for Plaintiff
                     319 Clematis Street, Suite 812
                     West Palm Beach, FL  33401
                     (561) 832-1126

                     BY: */s/ Christopher A. Haddad*
                        CHRISTOPHER A. HADDAD
                        Florida Bar Number: 0879592

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**

        Plaintiff,                              **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official Capacity,

        Defendant.

_____/

### AGREED ORDER ON CITY OF WEST PALM BEACH'S
### MOTION TO DISMISS OR STRIKE DEFENDANT LORDI,
### IN HIS OFFICIAL CAPACITY

THIS CAUSE, having come before this Honorable Court on the City of West Palm Beach's Motion to Dismiss Plaintiff's Complaint or Motion to Strike Defendant Officer Lordi, and the Court being advised that the parties have reached an agreement regarding the Motion, and being otherwise fully advised in the premises, it is hereupon:

        **ORDERED and ADJUDGED** as follows:

1. City of West Palm Beach's Motion is GRANTED,

2. Defendant Nicholas Lordi, In His Official Capacity, is hereby dismissed from the matter.

3. The Defendant shall have twenty (20) days to answer the Complaint.

4. The Special Set Hearing scheduled for May 15, 2023, at 11:45 is hereby CANCELED.

**DONE and ORDERED** at West Palm Beach, Palm Beach County, Florida.



502023CA000794XXXXMB    05/09/2023
Maxine Cheesman
Circuit Judge

Copies to:
Christopher A. Haddad, Esquire, Law Office of Christopher Haddad, PA, 319 Clematis Street, Suite 812, West Palm Beach, FL 33401, chris@chrishaddad.com; pat@chrishaddad.com.

Shawna G. Lamb, Assistant City Attorney II, City of West Palm Beach, 401 Clematis Street, West Palm Beach, FL 33401, sglamb@wpb.org, kpatrick@wpb.org.

Filing # 172844908 E-Filed 05/10/2023 12:25:23 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**
       Plaintiff,

                              **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
       Defendant.
_____/

**NOTICE OF TAKING DEPOSITION OF PLAINTIFF VIA ZOOM**

    PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, on the

**\*26th day of July 2023 (Wednesday)** before **an individual** who is authorized by law to take

depositions in the State of Florida, the Defendant, City of West Palm Beach, will upon oral

examination, take the deposition of the following named, to wit:

| NAME | TIME | LOCATION |
|------|------|----------|
| Jamiah Smith | 9:00 AM | Florida Court Reporting<br>2161 Palm Beach Lakes Boulevard<br>Suite 302<br>West Palm Beach, FL 33409<br>561-689-0999 |

Florida Court Reporting 561-689-0999 is inviting you to a scheduled
Zoom meeting.
Topic: 143109 Jamaih Smith 7/26 (Lamb)
Time: Jul 26, 2023 09:00 AM Eastern Time (US and Canada)
Join Zoom Meeting
https://us02web.zoom.us/j/87858152792
Meeting ID: 878 5815 2792
Passcode: 229119
One tap mobile
+13052241968,,87858152792#,,,,*229119# US
+16468769923,,87858152792#,,,,*229119# US (New York)
Dial by your location
+1 305 224 1968 US
+1 646 876 9923 US (New York)
+1 646 931 3860 US
+1 301 715 8592 US (Washington DC)

Case No. 502023CA000794XXXXMB AJ
Notice of Taking Deposition of Plaintiff
Page 2

+1 309 205 3325 US
+1 312 626 6799 US (Chicago)
+1 386 347 5053 US
+1 408 638 0968 US (San Jose)
+1 507 473 4847 US
+1 564 217 2000 US
+1 669 444 9171 US
+1 669 900 6833 US (San Jose)
+1 689 278 1000 US
+1 719 359 4580 US
+1 253 205 0468 US
+1 253 215 8782 US (Tacoma)
+1 346 248 7799 US (Houston)
+1 360 209 5623 US
Meeting ID: 878 5815 2792
Passcode: 229119
Find your local number: https://us02web.zoom.us/u/kdptRST8OE

Such oral examination will commence at 9:00 A.M. and continue from day to day until completed. You are hereby notified to appear and take part in said examination as you may be advised, as shall be fit, and proper.

This deposition is being taken for the purposes of discovery, for use as primary evidence or for such other purposes as are permitted under the applicable Statutes or Rules of Court.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 10th day of May 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405. chris@chrishaddad.com; Pat@chrishaddad.com; chloe@chrishaddad.com.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1375 (telephone)
(561) 822-1373 (facsimile)

By: *Shawna S. Lamb*

Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

cc:scheduling@floridacourtreporting.com

Filing # 173450061 E-Filed 05/18/2023 11:56:42 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**
       Plaintiff,

                                **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH,
       Defendant.
_____/

**MOTION FOR EXTENSION OF TIME TO SERVE**
**RESPONSES TO PLAINTIFF'S COMPLAINT AND DISCOVERY**

    COMES NOW, CITY OF WEST PALM BEACH ("City"), by and through the undersigned counsel, and hereby moves the Court to enlarge the time to file responses to the Plaintiff's Complaint and discovery and in support thereof, states as follows:

1. The City was served with the Summons and Complaint on February 1, 2023.

2. The City was served with Interrogatories on April 17, 2023.

3. Answers to Interrogatories are due on or about May 18, 2023.

4. The City is requesting additional time within which to file responses to the discovery filed herein.

5. This case is in the early stages and no party will be prejudiced by a thirty (30) day extension to respond to the Plaintiff's Interrogatories to the City.

6. This Motion is made in good faith and not for the purpose of delay.

    WHEREFORE, Defendant, CITY OF WEST PALM BEACH, respectfully requests that this Court enlarge the time for filing responses to Plaintiff's discovery.

Smith v. City of WPB
Case No. 502023CA000794XXXXMB AJ
Motion for Extension of Time
Page 2 of 2

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 18th day of May 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405. chris@chrishaddad.com; Pat@chrishaddad.com; chloe@chrishaddad.com.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1375 (telephone)
(561) 822-1373 (facsimile)
sglamb@wpb.org

By: *Shawna S. Lamb*

Shawna G. Lamb, Esquire
Fla. Bar No. 014363

Filing # 173877425 E-Filed 05/24/2023 12:14:02 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**
                    Plaintiff,

                                                  **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH,
                    Defendant.
_____/

<u>**DEFENDANT CITY OF WEST PALM BEACH'S**</u>
<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

COMES NOW Defendant, CITY OF WEST PALM BEACH ("CITY"), by and through

undersigned attorney, and sets forth its Answer and Affirmative Defenses to Plaintiff's Complaint

filed herein and in support thereof would further state:

<u>**ANSWER**</u>

<u>**PARTIES**</u>

1.  Without sufficient knowledge or information to admit or deny the allegations, and therefore
    denied.

2.  Admit CITY is a municipal corporation within Palm Beach County, Florida.

3.  Admit.

4.  CITY is without sufficient knowledge or information to admit or deny, and therefore denied.

5.  Admit.

<u>**FACTS**</u>

6.  Admit.

7.  Admit.

8.  Admit.

Smith v. City of WPB
Case No. 502023CA000794XXXXMB AJ
Answer and Affirmative Defenses to Complaint
Page 2 of 6

9. Without sufficient knowledge or information to admit or deny the allegations, and therefore denied.

10. Admit Plaintiff stated, "what's going on;" all else denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admit that Plaintiff was arrested and charged with resisting without violence; all else denied.

17. Admit Plaintiff was transported to St. Mary's Medical Center; the CITY is without sufficient knowledge or information to admit or deny the remaining allegations, and therefore denies.

18. Denied.

19. Without sufficient knowledge or information to admit or deny the allegations, and therefore denied.

## <u>COUNT I – TORT BATTERY</u>

20. CITY restates and reavers all of its responses to paragraphs 1-19 above as if fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

Smith v. City of WPB
Case No. 502023CA000794XXXXMB AJ
Answer and Affirmative Defenses to Complaint
Page 3 of 6

## AFFIRMATIVE DEFENSES

1. As its FIRST AFFIRMATIVE DEFENSE, the CITY alleges that the doctrine of Sovereign Immunity bars the Plaintiff's State law claim.

2. As its SECOND AFFIRMATIVE DEFENSE, the CITY alleges that its liability under the State law claim, if any, is limited to the sum or sums equal to but not greater than as provided by sections 768.28 et seq., Florida Statutes.

3. As its THIRD AFFIRMATIVE DEFENSE, the CITY alleges it is entitled to a set-off of benefits Plaintiff has received or prior to trial may receive from "collateral sources" as defined by the Florida Statutes. The CITY is entitled to a set-off for any and all collateral source payments received by Plaintiff or payable to Plaintiff. The CITY asserts that it is entitled to a set-off for all payments made by any and all alleged joint tortfeasors.

4. As its FOURTH AFFIRMATIVE DEFENSE, the CITY alleges that the actions taken by it and its agents and employees were reasonable, lawful, and designed to serve, protect, and defend all individuals who may be affected by them.

5. As its FIFTH AFFIRMATIVE DEFENSE, the CITY asserts that the provisions of section 768.81, Florida Statutes, apply to the claims made against this Defendant in Plaintiff's Complaint and any Plaintiff's judgment against this Defendant is limited in accordance with the provisions of section 768.81, Florida Statutes.

6. As its SIXTH AFFIRMATIVE DEFENSE, the CITY asserts that actions by Officer Lordi officer were justified, reasonable, and made to effect a lawful restraint of Plaintiff and complied with Florida Statutes and all applicable law.

7. As its SEVENTH AFFIRMATIVE DEFENSE, the CITY asserts that its police officer was justified in the use of force against Plaintiff as the level of force was reasonable and

Smith v. City of WPB
Case No. 502023CA000794XXXXMB AJ
Answer and Affirmative Defenses to Complaint
Page 4 of 6

necessary under the circumstances to properly restrain Plaintiff, to defend himself and/or

another from bodily harm, and to safely secure Plaintiff and complied with Florida Statutes

and all applicable law.

8. As its EIGHTH AFFIRMATIVE DEFENSE, the CITY asserts its police officer was acting

in self-defense against the unlawful actions of Plaintiff.

9. As its NINTH AFFIRMATIVE DEFENSE, the CITY alleges that there existed probable

cause for the Plaintiff's arrest.

10. As its TENTH AFFIRMATIVE DEFENSE, the CITY alleges that there existed reasonable

suspicion for the Plaintiff's detention.

11. As its ELEVENTH AFFIRMATIVE DEFENSE, the CITY alleges that any and all actions

taken by Officer Lordi in this case were reasonable under the circumstances and complied

with Florida Statutes and all applicable laws.

12. As its TWELFTH AFFIRMATIVE DEFENSE, the CITY alleges that any and all acts taken

by the CITY police officers were taken because they feared for the safety of themselves or

others due to the totality of circumstances.

13. As its THIRTEENTH AFFIRMATIVE DEFENSE, the CITY asserts that Plaintiff has

failed to mitigate his damages.

14. As its FOURTEENTH AFFIRMATIVE DEFENSE, CITY alleges that any recovery

should be reduced or barred to the extent of available insurance coverage, including

benefits available through any guarantee association or other governmental authority,

available to any individual or entity which may be wholly or partially responsible for the

damages alleged in connection with the subject matter of the incident described in the

Complaint.

Smith v. City of WPB
Case No. 502023CA000794XXXXMB AJ
Answer and Affirmative Defenses to Complaint
Page 5 of 6

15. As its FIFTEENTH AFFIRMATIVE DEFENSE, Defendant CITY asserts that Plaintiff's claims for injuries and incidental medical bills and treatment are exaggerated, unnecessary, unreasonable, or unrelated to the alleged incident.

16. As its SIXTEENTH AFFIRMATIVE DEFENSE, CITY asserts that the Plaintiff was under the influence of an alcoholic beverage or drug to the extent that the Plaintiff's normal faculties were impaired or the Plaintiff had a blood or breath alcohol level of 0.08 percent or higher. As a result of the influence of such alcoholic beverage or drug, Plaintiff was more than 50 percent at fault for his own harm. As such, Plaintiff is barred from recovery under section 768.36, Florida Statutes.

17. As its SEVENTEENTH AFFIRMATIVE DEFENSE, Defendant, CITY, asserts that through its agents and employees, it is entitled to civil immunity under sections 776.031 and 776.032, Florida Statutes.

## Demand for Jury Trial

The Defendant CITY demands trial by jury of all issues so triable as a right by jury. Additionally, Defendant CITY requests attorney fees pursuant to Florida Statutes and case law, if applicable, and in the event the Court deems such an award just and appropriate.

Smith v. City of WPB
Case No. 502023CA000794XXXXMB AJ
Answer and Affirmative Defenses to Complaint
Page 6 of 6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 24th day of May 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405. chris@chrishaddad.com; Pat@chrishaddad.com; chloe@chrishaddad.com.

<div style="margin-left:40%">

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1375 (telephone)
(561) 822-1373 (facsimile)
sglamb@wpb.org
kpatrick@wpb.org


By: *Shawna S. Lamb*
Shawna G. Lamb, Esquire
Fla. Bar No. 014363

</div>

Filing # 174978620 E-Filed 06/09/2023 10:53:44 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                              **CIVIL DIVISION AJ**
    Plaintiff,

            **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH,
    Defendant.
_____/

### DEFENDANT, CITY OF WEST PALM BEACH'S
### NOTICE OF SERVING ANSWERS TO INTERROGATORIES

  COMES NOW Defendant, CITY OF WEST PALM BEACH, through counsel, and gives

notice that Answers to Plaintiff's Interrogatories have been furnished to Plaintiff's Attorney.

### CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 9th day
of June 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER
A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405,
chris@chrishaddad.com; Pat@chrishaddad.com; chloe@chrishaddad.com.

        OFFICE OF THE CITY ATTORNEY
        CITY OF WEST PALM BEACH
        401 Clematis Street, Fifth Floor
        West Palm Beach, FL 33401
        (561) 822-1375 (telephone)
        (561) 822-1373 (facsimile)

        By: _Shawna S. Lamb_
        Shawna G. Lamb, Esquire
        Fla. Bar No. 0143634

Filing # 176165413 E-Filed 06/26/2023 05:15:47 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,

        Plaintiff,

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.

_____/

**CIVIL DIVISION AJ**

**CASE NO. 502023CA000794XXXXMB**

## NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

Defendant, CITY OF WEST PALM BEACH, (hereinafter the "CITY") hereby gives notice

pursuant to Florida Rule of Civil Procedure 1.340, that an original of the Interrogatories directed to the

Plaintiff, JAMIAH SMITH, have been served upon his/her attorney. Plaintiff is required, within thirty (30)

days after service hereof, to answer under oath,

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 26th day
of June 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER
A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
 (561) 822-1375 (telephone)

By: *Shawna G. Lamb*
Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

Filing # 176165413 E-Filed 06/26/2023 05:15:47 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                       **CIVIL DIVISION AJ**
          Plaintiff,

                                  **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
          Defendant.
_____/

**<u>DEFENDANT, CITY OF WEST PALM BEACH'S,
REQUEST FOR ADMISSIONS TO PLAINTIFF</u>**

Defendant, CITY OF WEST PALM BEACH, by and through its undersigned counsel,
pursuant to Florida Rule of Civil Procedure 1.370, requests that Plaintiff within thirty (30) days,
admit or deny the truth of the matters set forth below:

1.    Admit that you have not suffered any loss of income as the result of the incident
alleged in your Complaint.

2.    Admit that you have not incurred any medical expenses as the result of the
incident alleged in your Complaint.

3.    Admit that you were never threatened with arrest during the incident alleged in
your Complaint.

4.    Admit that you were never threatened with physical violence during the incident
alleged in your Complaint.

5.    Admit that you did not receive any physical injury as the result of the incident
alleged in your Complaint.

6.    Admit that you have been convicted of a crime punishable by more than one year
in jail.

Jamiah Smth v.The City of West Palm Beach, et al
Case No. 50 2023CA000794XXXXMB
Request for Admissions
Page 2 of 2

7.    Admit that you were not pepper-sprayed, tasered, or punched during the incident alleged in your Complaint.

8.    Admit that you have not treated with any medical provided as the result of the incident alleged in your Complaint.

9.    Admit that you did not comply with the Officers order to step away from the Emergency Vehicle.

10.    Admit that you were injured when you stuck the Emergency Vehicle.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 26th day of June 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
 (561) 822-1375 (telephone)
 (561) 822-1373 (facsimile)

By: *Shawna S. Lamb*

Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

Filing # 176165413 E-Filed 06/26/2023 05:15:47 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                     **CIVIL DIVISION AJ**
         Plaintiff,

                                **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
         Defendant.

_____/

### DEFENDANT, CITY OF WEST PALM BEACH'S,
### REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant, CITY OF WEST PALM BEACH, by and through its undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.370, requests that Plaintiff within thirty (30) days, admit or deny the truth of the matters set forth below:

1.    Admit that you have not suffered any loss of income as the result of the incident alleged in your Complaint.

2.    Admit that you have not incurred any medical expenses as the result of the incident alleged in your Complaint.

3.    Admit that you were never threatened with arrest during the incident alleged in your Complaint.

4.    Admit that you were never threatened with physical violence during the incident alleged in your Complaint.

5.    Admit that you did not receive any physical injury as the result of the incident alleged in your Complaint.

6.    Admit that you have been convicted of a crime punishable by more than one year in jail.

Jamiah Smth v.The City of West Palm Beach, et al
Case No. 50 2023CA000794XXXXMB
Request for Admissions
Page 2 of 2

7.    Admit that you were not pepper-sprayed, tasered, or punched during the incident alleged in your Complaint.

8.    Admit that you have not treated with any medical provided as the result of the incident alleged in your Complaint.

9.    Admit that you did not comply with the Officers order to step away from the Emergency Vehicle.

10.    Admit that you were injured when you stuck the Emergency Vehicle.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 26th day of June 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
 (561) 822-1375 (telephone)
 (561) 822-1373 (facsimile)

By: *Shawna S. Lamb*
Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

Filing # 176165413 E-Filed 06/26/2023 05:15:47 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                        **CIVIL DIVISION AJ**

        Plaintiff,

                                **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.

_____/

**DEFENDANT, CITY OF WEST PALM BEACH'S,
REQUEST FOR PRODUCTION TO PLAINTIFF**

COMES NOW, the Defendant, CITY OF WEST PALM BEACH (hereinafter "City"), by
and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.350, hereby
requests the Plaintiff, (hereinafter "Plaintiff"), to produce to the undersigned attorneys within
thirty (30) days from the date hereof, the following items:

1. Conformed copies of all income tax returns, with all attached schedules and forms
   (such as W-2 forms), filed with the Internal Revenue Service for the ten (10) years
   prior to the date of incident and all years subsequent to the date of incident, together
   with a record of earnings to date in the current year.

2. All bills or statements for medical treatment, medical devices and/or medicines, the
   cost of which is claimed to have been incurred as a result of the injuries sustained in
   this case by Plaintiff.

3. All records and bills of hospitals, including X-rays, in which Plaintiff has been a
   patient or received treatment, allegedly as a result of the injuries sustained in this case
   by the Plaintiff, or written authorization to obtain such records at the cost of
   Defendant.

Jamiah Smith v. The City of West Palm Beach, et al
Case No. 50-2023-CA-000794XXXXMB AJ
Request for Production to Plaintiff
Page **2** of **5**

4.  All drawings, video recordings, graphs, charts, laser color copies of all photographs (actual reprints), digital copies of all photographs, and writings pertaining to the subject matter of this cause.

5.  All statements (written or video recorded) obtained by you or your attorneys of the Defendant recorded or written, at the time of or subsequent to the subject accident.

6.  All appraisals, estimates of repair or other written evidence which reflects the nature, extent and amount of damage (in money terms) to the Plaintiff's personal property alleged to have been damaged by Defendant.

7.  All documents, bills, records, and/or other written evidence which reflects Plaintiff's cell phone number, cell phone carrier, and usage for the twenty-four-hour period before and the twenty-four-hour period after the date of incident.

8.  All photographs, video recordings, and other documentary evidence, in the possession, custody, control of the Plaintiff, her attorneys, investigators, agents, servants, or employees showing the injury or damage sustained by the Plaintiff.

9.  All records, pay receipts, or other memoranda indicating gross income from any employment, including, but not limited to salary, commissions, bonuses or other earnings during the past five (5) years.

10. All records, applications, correspondence, emails, or other documentary evidence demonstrating all applications for employment since the date of the incident.

11. All medical reports received by Plaintiff, her attorneys, investigators, agents, servants, or employees, from any doctor, physician, or anyone else who has treated or evaluated the Plaintiff for injuries alleged to have been sustained as a result of the accident, which is the subject matter of this lawsuit.

Jamiah Smith v. The City of West Palm Beach, et al
Case No. 50-2023-CA-000794XXXXMB AJ
Request for Production to Plaintiff
Page **3** of **5**

12. All medical reports, received by Plaintiff, her/his/their attorneys, investigators, agents, servants, or employees from any doctor, physician, or member of the Healing Arts who has examined Plaintiff's physical or mental conditions subsequent to the accident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of the Plaintiff(s) at the trial of this cause.

13. All medical bills, receipts, letters of protection, and/or statements for any services rendered, medications, or medical devices, whether paid or unpaid, as a result of the within incident, including any bills for drugs or other related expenses.

14. All bills, statements, or receipts relating to any non-medical expenses claimed as damages in this lawsuit, which have not been produced in response to any of the preceding paragraphs.

15. All medical records, hospital records, emergency room records, diagnostic reports, evaluations, prescription records, and records from any health care provider, diagnostic center, or pharmacy pertaining to the treatment of Plaintiff(s) for any reason in the five (5) years prior to the date of the incident.

16. All insurance policies providing benefits or coverage to you for any claimed injury or damages arising from the subject accident or occurrence.

17. All documents reflecting whether or not Plaintiff received any compensation from any insurance company as a result of the subject accident or occurrence.

18. All written or recorded statements taken from any party and/or witness concerning any issue in this lawsuit.

19. All documents evidencing the value of all benefits received by Plaintiff, or anyone on her behalf, by or pursuant to the following sources:

Jamiah Smith v. The City of West Palm Beach, et al
Case No. 50-2023-CA-000794XXXXMB AJ
Request for Production to Plaintiff
Page **4** of 5

    a.  United States Social Security Act.

    b.  Any Federal, State or Local Income Disability, or any other public program providing medical expenses, disability payments, or other similar benefits.

    c.  Any Health, Sickness, or income disability insurance; automobile accident insurance that provides for income disability coverage; and any other similar insurance benefits except Life Insurance available to the Plaintiff, whether purchased by Plaintiff or provided by others.

    d.  Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, or other Health Care Services.

    e.  Any contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability.

20. All statements, records, or recordings pertaining to the issues in this litigation, the substantial equivalent of which cannot be obtained by the Defendant without undue hardship.

21. A copy of the driver's license for each Plaintiff in this litigation (front and back).

22. All insurance cards (front and back) providing medical insurance to the Plaintiff for the past five years to the present.

23. All notices sent to any and all collateral sources notifying those collateral sources of Plaintiff's intention to claim damages from CITY OF WEST PALM BEACH and please also provide any and all statements received by Plaintiff from each and every such collateral source of that collateral source's assertion of its right of subrogation or reimbursement pursuant to section 768.76, Florida Statutes.

Jamiah Smith v. The City of West Palm Beach, et al
Case No. 50-2023-CA-000794XXXXMB AJ
Request for Production to Plaintiff
Page 5 of 5

24. All reports, evaluations, recommendations and/or analysis submitted or disclosed to or by Plaintiff's expert witnesses regarding the subject accident and/or the Plaintiff's injuries and/or damages allegedly caused by the subject accident.

25. All "Mary Carter Agreements", releases, agreements, letters of protection, and/or other documents signed by the Plaintiff, or anyone acting on the Plaintiff's behalf, relating to the subject accident.

26. All documents, photographs, or recordings identified or referenced in Plaintiff's Answers to Interrogatories.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 26th day of June 2023, to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1375 (telephone)
sglamb@wpb.org

By: *Shawna S. Lamb*

Shawna G. Lamb, Esquire
Fla. Bar No. 0143634

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,
        Plaintiff,

**CIVIL DIVISION AJ**

**CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official Capacity,
        Defendant.

_____/

## AGREED ORDER ON CITY OF WEST PALM BEACH'S MOTION TO DISMISS OR STRIKE DEFENDANT LORDI, IN HIS OFFICIAL CAPACITY

    THIS CAUSE, having come before this Honorable Court on the City of West Palm Beach's Motion to Dismiss Plaintiff's Complaint or Motion to Strike Defendant Officer Lordi, and the Court being advised that the parties have reached an agreement regarding the Motion, and being otherwise fully advised in the premises, it is hereupon:

    **ORDERED and ADJUDGED** as follow:

1.    City of West Palm Beach's Motion is GRANTED,

2.    Defendant Nicholas Lordi, in His Official Capacity, is hereby dismissed from the matter.

3.    The Defendant shall have twenty (20) days to answer the Complaint.

4.    The Special Set Hearing scheduled for May 15, 2023, at 11:45 is hereby CANCELED.

    **DONE and ORDERED** at West Palm Beach, Palm Beach County, Florida.

502023CA000794XXXXMB   07/02/2023
Maxine Cheesman
Circuit Judge

Copies to:

Christopher A. Haddad, Esquire, Law Office of Christopher Haddad, PA, 319 Clematis Street, Suite 812, West Palm Beach, FL 33401, chris@chrishaddad.com; pat@chrishaddad.com.

Shawna G. Lamb, Assistant City Attorney II, City of West Palm Beach, 401 Clematis Street, West Palm Beach, FL 33401, sglamb@wpb.org, kpatrick@wpb.org.



Filing # 177351306 E-Filed 07/13/2023 01:46:37 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                             **CIVIL DIVISION AJ**
        Plaintiff,

                                     **CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
        Defendant.

_____/

## NOTICE OF CANCELLATION OF PLAINTIFF DEPOSITION

PLEASE TAKE NOTICE that the deposition scheduled on the **\*26ᵗʰ day of July 2023**

**(Wednesday)**, is cancelled of the following named, to wit:

| NAME | TIME | LOCATION |
|------|------|----------|
| Jamiah Smith | 9:00 AM | Florida Court Reporting |
| | | 2161 Palm Beach Lakes Boulevard |
| | | Suite 302 |
| | | West Palm Beach, FL 33409 |
| | | 561-689-0999 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 13th day of July 2023 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405. chris@chrishaddad.com; Pat@chrishaddad.com; chloe@chrishaddad.com.

                              OFFICE OF THE CITY ATTORNEY
                              CITY OF WEST PALM BEACH
                              401 Clematis Street, Fifth Floor
                              West Palm Beach, FL 33401
                              (561) 822-1375 (telephone)
                              (561) 822-1373 (facsimile)

                              By: *Shawna S. Lamb*
                              Shawna G. Lamb, Esquire
                              Fla. Bar No. 0143634

cc: scheduling@floridacourtreporting.com

Filing # 177787102 E-Filed 07/19/2023 03:40:10 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                CASE NO.:   2023CA000794XXXXMB

     Plaintiff,                               DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

     Defendants.
_____/

### PLAINTIFF'S NOTICE OF CANCELLATION OF ZOOM DEPOSITION

TO:   **Shawna G. Lamb, Senior Assistant City Attorney**, Office of the City Attorney, 401
Clematis Street, 5th Floor, West Palm Beach, FL 33401 (sglamb@wpb.org);
dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org); **Florida Court
Reporting**, 2161 Palm Beach Lakes Blvd., Suite 302, West Palm Beach, FL 33409
(scheduling@floridacourtreporting.com)

     **YOU ARE HEREBY NOTIFIED** that the deposition in the above-captioned case

scheduled for the **26th day of July, 2023** beginning at **1:30 P.M.** is hereby cancelled:

| TIME | WITNESS | ZOOM INFO |
|------|---------|-----------|
| 1:30 p.m. | Nicholas Lordi | https://us02web.zoom.us/j/87858152792 |
| | | Meeting ID: 878 5815 2792 |
| | | Passcode: 229119 |
| | | Dial by your location |
| | | +1 305 224 1968 US |
| | | +1 646 876 9923 US (New York) |

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served
via electronic filing with the Florida Courts E-Filing Portal on this 19th day of July, 2023 to the
following: Office of the City Attorney, sglamb@wpb.org; dyeargin@wpb.org;
kpatrick@wpb.org; svegas-catinella@wpb.org;

Respectfully submitted,

CHRISTOPHER A. HADDAD
Attorney for Plaintiff
319 Clematis Street, Suite 812
West Palm Beach, FL   33401

(561) 832-1126

BY: */s/ Christopher A. Haddad*
      CHRISTOPHER A. HADDAD
      Florida Bar Number: 0879592

cc: scheduling@floridacourtreporting.com

Filing # 179100677 E-Filed 08/07/2023 04:26:11 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,
                Plaintiff,

**CIVIL DIVISION AJ**

**CASE NO. 502023CA000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
                Defendant.

_____/

### DEFENDANT CITY OF WEST PALM BEACH'S
### NOTICE OF FILING PROPOSAL FOR SETTLEMENT TO PLAINTIFF

Defendant, CITY OF WEST PALM BEACH, by and through undersigned counsel, and

pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes, hereby

gives notice that a Proposal for Settlement has been served upon Plaintiff, JAMIAH SMITH, on

August 7, 2023.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 7th day
of August 2023 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF
CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.
chris@chrishaddad.com; Pat@chrishaddad.com; chloe@chrishaddad.com.

                CITY OF WEST PALM BEACH
                CITY ATTORNEY OFFICE
                401 Clematis Street, Fifth Floor
                West Palm Beach, FL 33401
                Phone: (561) 822-1375

                By: *Shawna S. Lamb*
                _____
                Shawna G. Lamb, Esquire
                Fla. Bar No. 0143634

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AJ"
CASE NO.: 50-2023-CA-000794-XXXX-MB
JAMIAH SMITH,
     Plaintiff/Petitioner
vs.
THE CITY OF WEST PALM BEACH,
NICHOLAS LORDI,
     Defendant/Respondents.
_____/

### ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES (DCMGJT)

**THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

**ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months.** To that end, the following procedures and deadlines shall be strictly observed:

I. **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

**Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent forthwith and file a Certificate of Service into the court file.** The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

**Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

**Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

**NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE**

Case No. 50-2023-CA-000794-XXXX-MB

**FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. <u>**SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**</u>

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on May 24, 2024**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar.

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

Case No. 50-2023-CA-000794-XXXX-MB

| EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|
| 1. Service of Complaint | See Part III.A, infra | Expired or Service under extension by court order. |
| 2. Pleading Amendments/ Adding parties | See Part III.B, infra | November 16, 2023 |
| 3. Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | December 16, 2023 |
| 4. Expert Witnesses and Compulsory Examinations | See Part III.D, infra | January 25, 2024 |
| 5. Witness & Exhibit Lists | See Part III.C, infra | January 25, 2024 |
| 6. Rebuttal Witness Lists | See Part III.E, infra | February 14, 2024 |
| 7. Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | February 24, 2024 |
| 8. Discovery Cut-Off | See Part III.H, infra | February 24, 2024 |
| 9. Pre-Trial Meet & Confer | See Part III.I, infra | April 24, 2024 |
| 10. Deposition Designations | See Part III.G, infra | May 4, 2024 |
| 11. Deadline for Mediation | See Part IV, infra | May 14, 2024 |
| 12. Deadline to hear ALL Motions | See Part III.J, infra | May 19, 2024 |
| 13. Jury Instructions and Verdict Form | See Part III.O, infra | May 21, 2024 |
| 14. Trial Ready Date ** | See Part II, supra | May 24, 2024 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

** The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. **UNIFORM PRETRIAL PROCEDURES**

    A. **Timely Service and Defaults:**

        Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY DEADLINE.** Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why

Case No. 50-2023-CA-000794-XXXX-MB

service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

Case No. 50-2023-CA-000794-XXXX-MB

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

Case No. 50-2023-CA-000794-XXXX-MB

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K.  **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1.  A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.

2.  Stipulated facts requiring no proof at trial which may be read to the trier of fact;

3.  A statement of all issues of fact for determination at trial;

4.  Lists of exhibits itemized as follows:

    a.  Exhibits to be admitted by Plaintiff without objection;

    b.  Exhibits to be admitted by Defendant without objection;

    c.  Objected to Exhibits, with the specific basis for the objection stated.

    Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

5.  Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

6.  A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

7.  Names of attorneys to try case and their contact information; and

8.  The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or other sanctions, including dismissal or default.

L.  **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a

Case No. 50-2023-CA-000794-XXXX-MB

stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O. **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV. **MEDIATION**

A. All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should

Case No. 50-2023-CA-000794-XXXX-MB

agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2023-CA-000794-XXXX-MB   10/18/2023
Maxine Cheesman
Circuit Judge

**COPIES TO:**

Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent forthwith and file a Certificate of Service into the court file.

Case No. 50-2023-CA-000794-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

Filing # 184367107 E-Filed 10/19/2023 03:55:45 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CASE NO.:50-2023-CA-000794XXXXMB

      Plaintiff,                                 DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Official Capacity.

      Defendants.

_____/

**<u>NOTICE OF FILING ORDER IMPLEMENTING DIFFERENTIATED CASE
MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER
SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND
DIRECTING PRETRIAL AND MEDIATION PROCEDURES</u>**

      **NOTICE IS HEREBY GIVEN** that Plaintiff, **JAMIAH SMITH,** by and through his undersigned counsel, hereby files the Order Implementing Differentiated Case Management Plan, Designating Case to the General Track, Order Setting Calendar Call and Case Management Conference and Directing Pretrial and Mediation Procedures entered on October 18, 2023 by the Honorable Maxine Cheesman, a copy of which is attached hereto.

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic filing with the Florida Courts E-Filing Portal on this 19th day of October, 2023 to the following: OFFICE OF THE CITY ATTORNEY, 401 Clematis St, 5th Fl., West Palm Beach, FL 33401; sglamb@wpb.org; dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org.

                       Respectfully submitted,

                       CHRISTOPHER A. HADDAD
                       Attorney for Plaintiff
                       319 Clematis Street, Suite 812
                       West Palm Beach, FL   33401
                       Telephone: 561-832-1126
                       chris@chrishaddad.com

                       By: **_/s/ Christopher A. Haddad_**
                       CHRISTOPHER A. HADDAD
                       Florida Bar Number: 0879592

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AJ"
CASE NO.: 50-2023-CA-000794-XXXX-MB
JAMIAH SMITH,
     Plaintiff/Petitioner
vs.
THE CITY OF WEST PALM BEACH,
NICHOLAS LORDI,
     Defendant/Respondents.
_____/

**ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN,
DESIGNATING CASE TO THE GENERAL TRACK,
ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE
AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES
(DCMGJT)**

     **THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

     **ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months.** To that end, the following procedures and deadlines shall be strictly observed:

    I. **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

     **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent forthwith and file a Certificate of Service into the court file.** The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

     The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

     **Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

     **Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

     **NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE**

Case No. 50-2023-CA-000794-XXXX-MB

**FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. <u>**SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**</u>

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on May 24, 2024.** The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar.

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

Case No. 50-2023-CA-000794-XXXX-MB

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | Expired or Service under extension by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | November 16, 2023 |
| 3. | Resolution of all motions/objections directed to the pleadings (*i.e. to dismiss or strike*) and pleadings closed * | See Part III.B, infra | December 16, 2023 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | January 25, 2024 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | January 25, 2024 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | February 14, 2024 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | February 24, 2024 |
| 8. | Discovery Cut-Off | See Part III.H, infra | February 24, 2024 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | April 24, 2024 |
| 10. | Deposition Designations | See Part III.G, infra | May 4, 2024 |
| 11. | Deadline for Mediation | See Part IV, infra | May 14, 2024 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | May 19, 2024 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | May 21, 2024 |
| 14. | Trial Ready Date ** | See Part II, supra | May 24, 2024 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

\* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

\*\* The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. **UNIFORM PRETRIAL PROCEDURES**

   A. **Timely Service and Defaults:**

   Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why

service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

Case No. 50-2023-CA-000794-XXXX-MB

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

Case No. 50-2023-CA-000794-XXXX-MB

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.

2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;

3. A statement of all issues of fact for determination at trial;

4. Lists of exhibits itemized as follows:

   a. Exhibits to be admitted by Plaintiff without objection;

   b. Exhibits to be admitted by Defendant without objection;

   c. Objected to Exhibits, with the specific basis for the objection stated.

   Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

7. Names of attorneys to try case and their contact information; and

8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a

Case No. 50-2023-CA-000794-XXXX-MB

    stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M.  **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N.  **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O.  **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

    If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P.  **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV.  **MEDIATION**

A.  All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B.  The Plaintiff's attorney is responsible for scheduling mediation. The parties should

Case No. 50-2023-CA-000794-XXXX-MB

agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.



50-2023-CA-000794-XXXX-MB     10/18/2023
Maxine Cheesman
Circuit Judge

**COPIES TO:**

**Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent forthwith and file a Certificate of Service into the court file.**

Case No. 50-2023-CA-000794-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 187757461 E-Filed 12/11/2023 12:49:32 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**

        Plaintiff,                          **CASE NO. 50-2023-CA-000794XXXXMB**

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.

_____/

**NOTICE OF CHANGE OF ATTORNEY OF RECORD &
DIRECTIONS TO CLERK TO UPDATE ATTORNEY INFORMATION**

      Please be advised that while the CITY OF WEST PALM BEACH, FLORIDA (CITY), is still representing the Defendant. Andrew Brett Carrabis, Esquire is now counsel of record. Shawna G. Lamb, Esquire should be removed as counsel of record.

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 11th day of December 2023 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

                    OFFICE OF THE CITY ATTORNEY
                    CITY OF WEST PALM BEACH
                    401 Clematis Street, Fifth Floor
                    West Palm Beach, FL 33401
                    (561) 822-1353 (telephone)
                    (561) 822-1373 (facsimile)

                    By: /S/ANDREW B. CARRABIS
                    Andrew Brett Carrabis
                    Senior Assistant City Attorney
                    Fla. Bar No. 89782

Filing # 187757461 E-Filed 12/11/2023 12:49:32 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                          **CIVIL DIVISION AJ**

        Plaintiff,                   **CASE NO. 50-2023-CA-**
                                  **000794XXXXMB**
v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.
_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO FLA. R. JUD. ADMIN. 2.516

    Defendant, CITY OF WEST PALM BEACH, by and through its undersigned counsel,

hereby designates, pursuant to Florida Rule of Judicial Administration 2.516, the following email

addresses for the purpose of service of all documents required to be served on parties in the above-

styled matter as follows:

      Primary e-mail:    acarrabis@wpb.org
      Secondary e-mail   dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 11th day
of December 2023 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF
CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

                    OFFICE OF THE CITY ATTORNEY
                    CITY OF WEST PALM BEACH
                    401 Clematis Street, Fifth Floor
                    West Palm Beach, FL 33401
                    (561) 822-1353 (telephone)
                    (561) 822-1373 (facsimile)

                    By: /S/ANDREW B. CARRABIS
                    Andrew Brett Carrabis
                    Senior Assistant City Attorney
                    Fla. Bar No. 89782

Filing # 189387577 E-Filed 01/09/2024 01:15:19 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                          CASE NO.:    2023CA000794XXXXMB

     Plaintiff,                                          DIVISION: AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his INDIVIDUAL Capacity.

     Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, **JAMIAH SMITH**, sues Defendants, **THE CITY OF WEST PALM BEACH**,

for a tortious battery committed by **NICHOLAS LORDI**, and sues Defendant, **NICHOLAS**

**LORDI**, in his individual capacity for the use of excessive force under color of law and asserts

the following:

## PARTIES

1.    At all times material hereto, Plaintiff, **JAMIAH SMITH**, (hereinafter

"**PLAINTIFF**") was an adult resident of Palm Beach County, Florida.

2.    At all times material hereto, Defendant, **THE CITY OF WEST PALM BEACH**

(hereinafter "**CITY**") was incorporated in Palm Beach County, Florida.

3.    At all times material hereto, Defendant **THE CITY OF WEST PALM BEACH**

operated the West Palm Beach Police Department (hereinafter "**WPBPD**") and employed all

WPBPD officers, including Defendant **NICHOLAS LORDI** (hereinafter "**LORDI**").

## JURISDICTIONAL ALLEGATIONS

4.    This is an action for damages more than $100,000.00 (one-hundred-thousand

dollars) exclusive of taxable costs.

1

5.     **PLAINTIFF'S** claims are made pursuant to Florida Statute §768.28; 42 U.S.C. § 1983 and 1988; 28 U.S.C. § 1367, 1331 and 1343; and the Fourth Amendment to the Constitution of the United States of America.

6.     In compliance with Florida Statute, § 768.28(6), **PLAINTIFF** has sent written notice to **DEFENDANTS** and the Department of Insurance for the State of Florida by United States Postal Service, Certified Return Receipt.

7.     At all times material hereto, the incident that gave rise to this action took place in Palm Beach County, Florida.

## FACTS

8.     On January 22, 2020, **PLAINTIFF** was in the area of the 600 block of 4th Street in West Palm Beach, Florida.

9.     At approximately 12:40 A.M., Officer Nicholas **LORDI** (01979) was in the area investigating a reported stabbing. **LORDI** and Officer Parton made contact with an injured male, later determined to be **PLANITFF'S** stepfather, who was in the rear of an ambulance receiving medical care with a bandage around his head and bleeding from his upper extremities.

10.     Officer **LORDI** observed a male, later identified as **PLAINTIFF,** standing near the area of the ambulance.

11.     **PLAINTIFF** was concerned about the well-being of his stepfather, who was bleeding and was reportedly the victim of a stabbing.

12.     **PLAINTIFF** inquired of **LORDI** about the man's well-being, stating "what's going on",  and was forcibly pulled away from the area near the ambulance by **LORDI**.

13.     **LORDI** then pushed and grabbed **PLAINTIFF,** violently swinging him around, then throwing him down to the pavement.

2

14.     **LORDI** then yanked **PLAINTIFF'S** arm backwards while grabbing his wrist with tremendous force and keeping it in that position.

15.     **PLAINTIFF** was in obvious extreme pain, pleading with **LORDI** to stop to no avail.

16.     The force applied to **PLAINTIFF'S** arm was so severe and constant that it caused a fracture.

17.     **LORDI** kept **PLAINTIFF** in that position until the police handcuffed **PLAINTIFF** on the ground.

18.     **PLAINTIFF** was then arrested and charged with resisting arrest without violence, which was an obvious charge levied to justify the improper use of excessive force by **LORDI** against **PLAINTIFF** constituting battery in violation of Florida law.

19.     **PLAINTIFF** was transported to Saint Mary's Medical Center and examined where he was determined to have sustained an Acute transverse fracture to the wrist of the scaphoid.

20.     The entire encounter was captured on body-cam footage and shows that **PLAINTIFF** at no time resisted or otherwise posed any threat of violence to **LORDI** or any other police officer at the scene.

21.     The improper and offensive touching by **LORDI** against PLAINTIFF was committed against **PLAINTIFF'S** will and without **PLAINTIFF'S** consent.

## COUNT I

## TORT BATTERY

**PLAINTIFF** sues **DEFENDANTS**, **CITY OF WEST PALM BEACH** and **NICHOLAS LORDI** in his official capacity, and alleges**:**

3

22.     **PLAINTIFF** re-alleges and re-avers the allegations contained in paragraphs 1-21 as though fully alleged and averred herein.

23.     **DEFENDANTS** wrongfully and intentionally applied force to **PLAINTIFF**'s body in a harmful manner without **PLAINTIFF**'s consent when **LORDI** swung **PLAINTIFF** around violently throwing him to the ground causing severe pain and suffering, a fractured hand and severe and extreme emotional distress.

24.     **DEFENDANTS** used an unreasonable amount of force when **LORDI** swung **PLAINTIFF** and threw him to the ground because **PLAINTIFF** posed no actual or apparent threat and was merely inquiring about the well-being of a loved one who was seriously injured.

25.     The resultant damages to the **PLAINTIFF** were significant including causing bruises and abrasions and a fractured hand and subsequent mental distress, loss of sleep, anxiety, headaches, and prolonged pain and suffering.

WHEREFORE, **PLAINTIFF** prays he be awarded:

a.      Judgment for compensatory damages in excess of $50,000.00 dollars;

b.      Costs of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### UNNECESSARY/EXCESSIVE USE OF FORCE AGAINST NICHOLAS LORDI INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

**PLAINTIFF, JAMIAH SMITH,** sues **NICHOLAS LORDI**, in his individual capacity.

26.     **JAMIAH SMITH** re-alleges and re-avers the allegations contained in paragraphs 1-25 as though fully alleged and averred herein.

27.     **NICHOLAS LORDI**, under color of law, acting in his course and scope of employment, did intentionally and unlawfully without probable cause or reasonable belief to believe that **JAMIAH SMITH** had committed, was committing or was about to commit a crime, did unlawfully and unreasonably and with reckless disregard for the rights of **JAMIAH SMITH,** detain by force **JAMIAH SMITH**, in violation of the Fourth Amendment to the United States Constitution and **JAMIAH SMITH's** right to be free of unreasonable detainment and/or search and seizure.

28.     **NICHOLAS LORDI**, against **PLAINTIFF's** consent and will, used excessive force by intentionally and violently throwing him to the ground causing a broken hand to **JAMIAH SMITH**.

29.     The conduct of **NICHOLAS LORDI** towards **PLAINTIFF**, as more fully set forth above, was known to **NICHOLAS LORDI** to be objectively unreasonable and constituted unnecessary and excessive use of force in violation of **PLAINTIFF's** clearly established constitutional rights under the 4th Amendment of the United States Constitution cognizable through 42 U.S.C. §1983.

30.     As a direct and proximate result of the actions of **NICHOLAS LORDI**, in violation of 42 U.S.C. §1983, **PLAINTIFF** suffered damages which include: physical pain and suffering, physical inconvenience, physical discomfort, permanent injury, medical expense for past, continued and future care and treatment, emotional suffering, embarrassment, humiliation, injury to his feelings, dignity and reputation, legal costs and fees all in violation of **PLAINTIFF's** civil rights.

**WHEREFORE, PLAINTIFF** demands judgment against **NICHOLAS LORDI**, for compensatory and exemplary damages more than, $100,000.00 (one-hundred-thousand dollars)

exclusive of taxable costs and attorney fees pursuant to 42 U.S.C. 1988 for this action together with any post judgment interest, all equitable relief and requests a jury trial of all issues so triable.

Dated:  January 9, 2024

Respectfully Submitted,

By:/s/ Christopher A. Haddad
CHRISTOPHER HADDAD, ESQ.
LAW OFFICE OF CHRISTOPHER A. HADDAD
319 Clematis Street, Suite 812
West Palm Beach, Florida 33401
Tel: (561) 832-1126
chris@chrishaddad.com
Fla. Bar # 0879592

6

Filing # 189469763 E-Filed 01/10/2024 12:14:45 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                       CASE NO.:    2023CA000794XXXXMB

      Plaintiff,                                    DIVISION:    AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Individual Capacity.

      Defendants.

_____/

**TO:   Nicholas Lordi**
     **5404 Eagle Lake Drive**
     **West Palm Beach, FL  33418**

## SUMMONS

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

     **YOU ARE COMMANDED** to serve this Summons and a copy of the Amended Complaint in this action on Defendant, **Nicholas Lordi.**

     The Defendant is required to serve written defenses to the Complaint on Christopher A. Haddad, Plaintiff's attorney, whose address is 319 Clematis Street, Ste 812, West Palm Beach, Florida 33405, within thirty (30) days after service of this Summons on the Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a Default will be entered against the Defendant for the relief demanded in the Complaint.

Dated: January 10, 2024

                  JOSEPH ABRUZZO
                  As Clerk of the Court


                  By: _____
                           As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 30 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.   There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff's Attorney, named below:

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812
West Palm Beach, Florida 33405
(561) 832-1126

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 30 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa. debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Se desea responder a la demanda por su cuenta, al mismo tiempa en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la personal denominada abajo como 'Plaintiff/Plaintiff's Attorney' (Demandante o Abogado del Demandante).

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812
West Palm Beach, Florida 33405
(561) 832-1126

## IMPORTANT

Des poursuites judiciaries ont ete enterprises contre vous.  Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe

aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre argent, et vos biens pevuent etre saisis par la suite, sans aucun preavis alterieur du tribunal. liy a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuair de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au 'Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat nomme ci-dessous.

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812
West Palm Beach, Florida 33405
(561) 832-1126

**This notice is provided pursuant to Administrative Order No. 2.207-6/22 (ADA)**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

**SPANISH**

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

**CREOLE**

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte

William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.

Filing # 189499638 E-Filed 01/10/2024 03:24:06 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CIVIL DIVISION AJ
     Plaintiff,                               CASE NO.: 502023CA000794XXXXMB
vs.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
     Defendants.
_____/

### NOTICE OF SERVICE OF PLAINTIFF'S, JAMIAH SMITH, UNVERIFIED ANSWERS TO INTERROGATORIES SERVED BY DEFENDANT, THE CITY OF WEST PALM BEACH

**NOTICE IS HEREBY GIVEN** that Plaintiff, **JAMIAH SMITH,** hereby files his

Unverified Answers to Interrogatories Nos. 1-26 served by Defendant, **THE CITY OF WEST**

**PALM BEACH**, on June 26, 2023.

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

the Florida Courts E-Filing Portal on this 10th day of January, 2024 upon Andrew Carrabis, City

of West Palm Beach, City Attorney's Office, acarrabis@wpb.org; dyeargin@wpb.org;

kpatrick@wpb.org; and svegas-catinella@wpb.org; 401 Clematis Street, 5th Floor, West Palm

Beach, FL  33401.

                         Respectfully submitted,

                         CHRISTOPHER A. HADDAD, P.A.
                         319 Clematis Street, Suite 812
                         West Palm Beach, FL  33401
                         Telephone:  (561) 832-1126
                         chris@chrishaddad.com

                    By: */s/ Christopher A. Haddad*
                         CHRISTOPHER A. HADDAD
                         Fla. Bar No. 0879592

Filing # 189525045 E-Filed 01/10/2024 06:59:58 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                              CIVIL DIVISION:  AJ

      Plaintiff,                          CASE NO.:  502023CA000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

      Defendant.

_____ /

### PLAINTIFF'S, JAMIAH SMITH, RESPONSES TO DEFENDANT'S, CITY OF WEST PALM BEACH, REQUEST FOR ADMISSIONS

Plaintiff, JAMIAH SMITH, by and through his undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.370, responds to Defendant's Request for Admissions as follows:

1.    Admit that you have not suffered any loss of income as the result of the incident alleged in your Complaint. **DENIED.**

2.    Admit that you have not incurred any medical expenses as the result of the incident alleged in your Complaint. **DENIED.**

3.    Admit that you were never threatened with arrest during the incident alleged in your Complaint. **DENIED.**

4.    Admit that you were never threatened with physical violence during the incident alleged in your Complaint. **DENIED.**

5.    Admit that you did not receive any physical injury as the result of the incident alleged in your Complaint. **DENIED.**

6.      Admit that you have been convicted of a crime punishable by more than one year in jail. **ADMITTED.**

7.      Admit that you were not pepper-sprayed, tasered, or punched during the incident alleged in your Complaint. **ADMITTED.**

8.      Admit that you have not treated with any medical provided as the result of the incident alleged in your Complaint. **DENIED.**

9.      Admit that you did not comply with the Officers order to step away from the Emergency Vehicle. **DENIED.**

10.     Admit that you were injured when you struck the Emergency Vehicle. **DENIED.**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic filing with the Florida Courts E-Filing Portal on this 10th day of January, 2024 to the Office of the City Attorney, acarrabis@wpb.org; dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org.

<div style="text-align:right">

Respectfully submitted,

CHRISTOPHER A. HADDAD
Attorney for Plaintiff
319 Clematis Street, Suite 812
West Palm Beach, FL   33401
(561) 832-1126
chris@chrishaddad.com


BY: */s/ Christopher A. Haddad*
CHRISTOPHER A. HADDAD
Florida Bar Number: 0879592

</div>

Filing # 190576882 E-Filed 01/25/2024 05:50:11 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                   CIVIL DIVISION: AJ

      Plaintiff,                             CASE NO.: 502023CA000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

      Defendant.

_____/

## PLAINTIFF'S, JAMIAH SMITH, MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT

**COMES NOW**, Plaintiff, **JAMIAH SMITH**, by and through his undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.190, files this Motion for Leave of Court to file an Amended Complaint and states as follows:

1.      After review of discovery, as well as recent Court filings against Officer Nicholas Lordi in other cases, a claim against Ofc. Nicholas Lordi, individually, is necessary.

2.      On January 9, 2024, an Amended Complaint [DE 33] was filed; and a request for the issuance of a Summons was sent to the Clerk of Court.

3.      Plaintiff's counsel communicated with Defendant's counsel with regard to his position with regard to the Motion for Leave of Court to File Amended Complaint and Defendant's counsel has stated that he objects.

**WHEREFORE,** the Plaintiff requests that the Court enter an Order granting leave of Court to file an Amended Complaint.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

electronic filing with the Florida Courts E-Filing Portal on this 25th day of January, 2024 to the

Office of the City Attorney, acarrabis@wpb.org; dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org.

Respectfully submitted,

CHRISTOPHER A. HADDAD
Attorney for Plaintiff
319 Clematis Street, Suite 812
West Palm Beach, FL   33401
(561) 832-1126
chris@chrishaddad.com


BY: */s/ Christopher A. Haddad*
CHRISTOPHER A. HADDAD
Florida Bar Number: 0879592

Filing # 190645804 E-Filed 01/26/2024 03:16:27 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CIVIL DIVISION: AJ

    Plaintiff,                                   CASE NO:  502023CA000794XXXXMB

vs.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

    Defendants.
_____/

## NOTICE OF HEARING
## (UMC)

    **PLEASE TAKE NOTICE** that the Plaintiff, JAMIAH SMITH, will call up for hearing before the Honorable Maxine Cheesman, Circuit Court Judge, Main Courthouse, 205 North Dixie Highway, Rm. 11D, West Palm Beach, FL  33401 on the 9th day of April, 2024 at 8:30 a.m. the following:

### PLAINTIFF'S, JAMIAH SMITH, MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT

__X__ Counsel has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve or narrow the issues raised.

_____ Counsel has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion but has been unable to do so.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via the Florida Courts E-filing Portal to Andrew Carrabis, Office of the City Attorney, acarrabis@wpb.org; dyeargin@wpb.org; kpatrick@wpb.org; svegas-catinella@wpb.org; 401 Clematis Street, WPB, FL  33401.

                                Respectfully submitted,

                                CHRISTOPHER A. HADDAD
                                Law Office of Christopher A. Haddad, P.A.
                                319 Clematis Street, Suite 812

West Palm Beach, FL   33401
Telephone:  (561) 832-1126
E-mail: chris@chrishaddad.com
Attorney for Plaintiff

*/s/ Christopoher A. Haddad*
CHRISTOPHER A. HADDAD
Florida Bar No.: 0879592

cc:  Judicial Assistant (w/Motion)

Filing # 190655817 E-Filed 01/26/2024 04:18:16 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CIVIL DIVISION AJ

            Plaintiff,                      CASE NO. 50-2023-CA-000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

            Defendant.

_____/

### DEFENDANT CITY OF WEST PALM BEACH MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant, CITY OF WEST PALM BEACH ("City"), by and through its undersigned counsel, hereby objects to Plaintiff's Motion to For Leave to File Amend Plaintiff's Complaint, and in support thereof, states as follows:

### PROCEDURAL POSTURE OF THE CASE

1. On or about January 27, 2023 Plaintiff filed his initial Complaint consisting of one count of a tort claim of battery against the City and Nicholas Lordi in his official capacity. (D.E. 5).

2. On or about March 1, 2023, Defendant filed its Motion to Dismiss as Plaintiff sued Defendant Nicholas Lordi in his official capacity which was legally the same as suing the City. Defendant's motion to dismiss pointed out that Nicholas Lordi must be sued in his individual capacity for the tort claim of battery. (D.E. 11).

3. On or about April 17, 2023, Plaintiff noticed this Court of filing interrogatories against the City. (D.E. 15).

4. On or about May 9, 2023, this Honorable Court granted the Parties Agreed Order granting the City's motion to dismiss. (D.E. 16).

5. On or about May 10, 2023, the City noticed the taking of deposition Plaintiff. (D.E. 18).

6.  On or about May 11, 2023, the Plaintiff noticed the taking of Nicholas Lordi. (D.E. 17).

7.  On or about May 24, 2023, the City filed its Answer and Affirmative Defenses to Plaintiff's Complaint. (D.E. 20).

8.  On or about June 9, 2023, the City filed its answers to Plaintiff's interrogatories. (D.E. 21).

9.  On or about June 26, 203, the City propounded and served Plaintiff with interrogatories and a Request to Produce. (D.E. 22 and 24).

10. On or about June 26, 203, the Plaintiff propounded Request for Admissions upon the City. (D.E. 23).

11. On or about July 2, 2023, this Honorable Court granted an agreed order on the City's motion to dismiss dismissing Nicholas Lordi in his official capacity from the case.

12. On or about August 7, 2023, the City filed a Proposal for Settlement.

13. On or about October 18, 2023, and October 19, 2023, this Honorable Court filed its designation of general track case management plan with calendar call, case management conference, directing pretrial and mediation procedures along with jury trial order. (D.E. 29 and 30.)

14. On or about January 9, 2024, the Plaintiff filed an Amended Complaint adding Nicholas Lordi in his individual capacity – attempting to add a party to this lawsuit. (D.E. 33).

15. Plaintiff, however, attempted to add a new federal count against Nicholas Lordi. (D.E. 33).

16. Due to responsive pleadings the Court rejected the Amended Complaint and advised Plaintiff he needed leave to amend.

17. On or about January 10, 2024, Plaintiff served his answers to the City's propounded interrogatories and Request for Admissions. (D.E. 34 and 35).

2

## MEMORANDUM OF LAW AND ARGUMENT

18. A year later after its initial pleading, the Plaintiff is attempting to add a new party to the lawsuit, and also bring a new federal claim into this case under section 1983 – which was not mentioned in Plaintiff's motion for leave to amend.

19. As this case has been in litigation for a year, allowing such an amendment at this juncture of the case would essentially obliterate all discovery and prejudice the Defendant to defend an entirely new party and theory of the case, post discovery.

20. If Plaintiff wants to file a new claim or case in federal court, nothing is preventing Plaintiff from doing so.

21. Rule 1.190(a) states that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served." Additionally, court approval is needed if the opposing party has already served a responsive pleading – which is the case before Your Honor.

22. A copy of the proposed amended pleading must be attached to the motion. This was not done in Plaintiff's motion to amend.  See Fla. R. Civ. P. 1.190(a); Fetlar, LLC v. Suarez, 230 So. 3d 97 (Fla. 3d DCA 2017); Isaac v. Deutsche Bank Nat. Trust Co., 74 So. 3d 495 (Fla. 4th DCA 2011); Taylor v. City of Lake Worth, 964 So. 2d 243 (Fla. 4th DCA 2007).

23. This Court may, and should, deny Plaintiff's motion to amend if the new pleading would inject new issues into the case, which Plaintiff is attempting to do. The Court may also deny the motion if the amendment would prejudice the rights of the opposing party. Florida Department of Transportation v. Tropical Trailer Leasing, LLC, 308 So. 3d 242 (Fla. 1st DCA 2020); Houston Texas Gas & Oil Corp. v. Hoeffner, 132 So. 2d 38 (Fla. 2d DCA 1961); Gusow v. A.B.C. Elec. Contractors, Inc., 524 So. 2d 1109 (Fla. 4th DCA 1988);

24. The primary consideration in determining whether a motion for leave to amend should be granted is whether the opposing party would be prejudiced by the amendment. Harrison v.

Department of Management Services, 339 So. 3d 504 (Fla. 1st DCA 2022); Drish v. Bos, 298 So. 3d 722 (Fla. 2d DCA 2020); DiGiacomo v. Mosquera, 322 So. 3d 734 (Fla. 3d DCA 2021); Newman v. State Farm Mut. Auto. Ins. Co., 858 So. 2d 1205 (Fla. 4th DCA 2003); New River Yachting Center, Inc. v. Bacchiocchi, 407 So. 2d 607, 609 (Fla. 4th DCA 1981).

25. In Rayner v. Aircraft Spruce-Advantage Inc., 38 So. 3d 817 (Fla. 5th DCA 2010), the court declined to allow an amendment adding a new plaintiff because the amended pleading added a new, distinct claim. See also Castro v. Linfante, 2020 WL 4197363 (Fla. 3d DCA 2020).

WHEREFORE, Defendant, CITY OF WEST PALM BEACH, respectfully requests this Court DENY Plaintiff's motion for leave of court to file amended complaint, and any other relief this Court deems necessary.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 26th day of January 2024 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1353 (telephone)
(561) 822-1373 (facsimile)

By: /s/ANDREW B. CARRABIS
Andrew Brett Carrabis
Senior Assistant City Attorney
Fla. Bar No. 89782

4

Filing # 197165081 E-Filed 04/29/2024 10:29:18 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CIVIL DIVISION AJ

            Plaintiff,                        CASE NO. 50-2023-CA-000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

            Defendant.
_____/

## NOTICE OF TAKING  DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, on the

**\*8th day of May 2024 (Wednesday)** before **an individual** who is authorized by law to take

depositions in the State of Florida, the Defendant, City of West Palm Beach, will upon oral

examination, take the deposition of the following named, to wit:

| **NAME** | **TIME** | **LOCATION** |
|---|---|---|
| Jamiah Smith | 10:00AM | City Hall<br>City of West Palm Beach<br>Office of the City Attorney<br>401 Clematis Street, 5th Floor<br>West Palm Beach, FL 33401 |

Such oral examination will commence at 10:00AM and continue from day to day until

completed.  You are hereby notified to appear and take part in said examination as you may be

advised, as shall be fit, and proper.

Case No. 502023CA000794XXXXMB AJ
Notice of Taking Deposition of Plaintiff
Page 2

     This deposition is being taken for the purposes of discovery, for use as primary evidence

or for such other purposes as are permitted under the applicable Statutes or Rules of Court.

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 29th day of April 2024 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1353 (telephone)
(561) 822-1373 (facsimile)

By: /S/ANDREW B. CARRABIS
Andrew Brett Carrabis
Senior Assistant City Attorney
Fla. Bar No. 89782

cc: scheduling@floridacourtreporting.com

Filing # 197174277 E-Filed 04/29/2024 11:24:09 AM

JAMIAH SMITH,
    **Plaintiff,**

vs.

THE CITY OF WEST PALM BEACH; AND
NICHOLAS LORDI, IN HIS INDIVIDUAL
CAPACITY,
    **Defendants.**

_____/

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO: 50-2023-CA-000794-XXXX-MB AJ

## NOTICE OF MEDIATION

**Christopher A. Haddad, Esquire**
Law Office of Christopher A. Haddad, PA
319 Clematis Street Suite 812
West Palm Beach, Florida 33401
Phone: (561) 832-1126 Fax: (561) 832-1127
caitlin@chrishaddad.com;
chris@chrishaddad.com;
Pat@chrishaddad.com;

**Andrew B. Carrabis, Esquire**
401 Clematis Street 5th Floor
West Palm Beach, Florida 33402
Phone: (561) 822-1362 Fax: (561) 822-1373
acarrabis@wpb.org;
dyeargin@wpb.org;
kpatrick@wpb.org;
svegas-catinella@wpb.org;

YOU ARE HEREBY NOTIFIED, pursuant to the agreement of the parties, that a confidential Mediation Conference subject to the provisions of Florida Statutes Chapter 44 shall be held in this case as follows:

MEDIATOR:    **MICHAEL MCMANUS, ESQUIRE**
LOCATION:    **MATRIX MEDIATION, LLC**
         **1655 PALM BEACH BOULEVARD, SUITE 700**
         **WEST PALM BEACH, FLORIDA 33401**
         **MONDAY, MAY 13, 2024**

STARTING TIME:    **1:00 PM – 3:00 PM**
PARTIES ARE ENCOURAGED TO SUBMIT
WRITTEN MEDIATION SUMMARIES TO:    michael@matrixmediation.com;

==**PRE-PAYMENT REQUIRED: REVIEW TERMS OF ENGAGEMENT**==

The Terms of Engagement in the letter accompanying this Notice of Mediation are hereby incorporated by reference into this Notice of Mediation. Cancellations must be made two (2) business days prior to mediation to avoid cancellation fees, *including SETTLED cases,* (see attached Terms of Engagement for cancellation policy and fees).

YOU ARE HEREBY NOTIFIED, pursuant to the written agreement of the parties, that a confidential mediation conference subject to the provisions of Florida Statues Chapter 44 for court ordered mediations shall be held in this case as follows: If you are a person with a disability, as defined by the Americans with Disabilities Act, who needs any reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Our offices are ADA accessible. If you require other accommodations, please contact our office at least 72 hours in advance of your mediation to discuss your needs.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via e-filing or email to the above-named addresses this 29th day of April, 2024.



BY: _____/s/_____
    Michael J. McManus, Esquire
    Florida Bar No.: 814644
    1655 Palm Beach Lakes Boulevard
    Suite 700, The Forum
    West Palm Beach, Florida 33401
    Phone: (561) 340-3500    Fax: (561) 584-7792

Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401



Date: **Monday, April 29, 2024**
Notice, Terms of Engagement, Cancellation Policy, Security Information

<div align="center">

**TERMS OF ENGAGEMENT WITH MATRIX MEDIATION**
**CANCELLATION POLICY**

</div>

Matrix strives to provide consistently excellent mediation services in a cost-effective way. Our scheduling system and cancellation policy provide client flexibility while respecting the mediator's valuable time. All matrix mediators dedicate their full time to dispute resolution and rely on you and your clients to appear when scheduled.

**Courtesy Confirmations** - As a courtesy, we make every effort to remind clients of their mediation by e-mail ten (10) business days in advance and by telephone confirmation two (2) business days in advance. It is your responsibility to provide us with appropriate advance notice if you need to cancel your mediation. Cancellations can be made at ANY time by calling 561-340-3500 or by emailing/texting the mediator directly.

Cases may be cancelled up to two full business days (not including the date of the mediation) before the scheduled mediation date without incurring a cancellation fee.

**We respectfully request that you place these deadlines into your scheduling calendar to remind yourself and avoid unnecessary cancellation charges.**

Cases cancelled fewer than two (2) business days will incur a fee equal to 50% of the time reserved, split among the parties. We believe this policy allows our clients maximum flexibility for their practices, while recognizing that the mediator's time is valuable as well. ***CHARGES APPLY TO ALL CASES REGARDLESS OF THE REASON, EVEN IF SETTLED. PLEASE CALCULATE THIS CANCELLATION FEE AS PART OF ANY SETTLEMENT MADE LESS THAN TWO (2) BUSINESS DAYS OF THE SCHEDULED MEDIATION.***

**How to cancel your mediation** – Cancel by replying to our pre-confirmation email or contact Matrix directly at (561) 340-3500, (800) 379-2580, or contact the mediator.

Mediators are professionals who deserve the respect of a phone call or email TWO (2) FULL BUSINESS DAYS in advance so that they can utilize their time.

By scheduling your mediation with Matrix, you have agreed to the above Terms of Engagement and Cancellation policy. Please contact us immediately if you have any questions or concerns.  We value the trust and confidence you have placed in Matrix Mediation and in Mr. McManus, and we are committed to adding value to your case and to your practice.

<div align="center">

**Matrix Mediation, LLC**
Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401

</div>



Date: **Monday, April 29, 2024**
Notice, Terms of Engagement, Cancellation Policy, Security Information

## TERMS OF ENGAGEMENT WITH MATRIX MEDIATION
### *Please Read Upon Receipt*

Thank you for choosing Michael McManus as your expert mediator. Please review the below Terms of Engagement to confirm your understanding of the Matrix Mediation policy.

**Scheduling–** Now that the parties have agreed on the mediator, the date and time of mediation, rates and minimums, Matrix will send out and file Notice of Mediation and Terms of Engagement to counsel for the parties or pro se litigants. Only the Notice of Mediation will be e-filed with Court.

**Conduct of Mediation-** By their appearance, all participants and their counsel, agree that the Mediation and Confidentiality and Privilege Act (F.S. §44) and F.R.Civ.P. 1.720 shall apply to this mediation. Although Mr. McManus is an experienced trial attorney, he does not provide legal advice or representation to the parties.

**Fees-** Mr. McManus's hourly rate is $174.50 **per hour/per party** for two party cases.
For a three-party case, Mr. McManus's hourly rate is $149.67 **per hour/per party**.
For more than three parties, Mr. McManus's three-party hourly rate shall be allocated equally among the parties.
All new clients, attorneys or firms are a prepay.

There is **NO CHARGE** for travel.

Unless agreed differently by the parties, fees are allocated equally among the separate entities (e.g., a married couple represented by one lawyer in a personal injury case is considered a single entity; a defendant driver and vehicle owner who are represented by the same lawyer is a single entity; a doctor and a hospital being sued for the same event but represented by separate lawyers are considered two separate entities).

**Minimum-** The parties **guarantee a four (4) minimum** for this case. If the case exceeds the minimum, the parties guarantee payment for time used. There is **NO CHARGE** for travel. **NO Admin fees**.

**Pre-Payment Due–** Each party's attorney or client agrees to be responsible for timely payment prior to mediation. **Each side agrees to submit a payment in the amount of $698.00 due by May 2, 2024.** Any additional fees must be paid in full at the conclusion of mediation by Counsel or their client. For the convenience of parties, payment may be made online or mailed to Matrix Mediation, LLC. Should the total number of hours spent in mediation exceed the number of reserved hours the additional required payment will be automatically billed to your credit card. If the case is cancelled, then a refund of the payments will be made, less any applicable cancellation fee.

**Mediation Summaries/Demonstrative Information** – Mr. McManus encourages parties to submit summaries and other information at least 48 hours before the scheduled mediation. This gives Mr. McManus a chance to think about the particular issues and custom design the most effective process.

Mr. McManus can be reached on his cell at (303) 907-6282, the office (561) 340-3500, or at michael@matrixmediation.com
Thank you for choosing Mr. McManus and Matrix Mediation. Mr. McManus looks forward to achieving a successful resolution.

Sincerely,

*Tamara Polk*

_____
Tamara Polk, Scheduling Coordinator
tamara@matrixmediation.com
Matrix Mediation (561) 340-3500 (800) 379-2580

**Matrix Mediation, LLC**
Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401

Filing # 197551694 E-Filed 05/03/2024 09:33:00 AM

**JAMIAH SMITH,**
    **Plaintiff,**

vs.

**THE CITY OF WEST PALM BEACH; AND
NICHOLAS LORDI, IN HIS INDIVIDUAL
CAPACITY,**
    **Defendants.**

_____/

**IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA**

**CASE NO: 50-2023-CA-000794-XXXX-MB AJ**

### AMENDED NOTICE OF MEDIATION – CORRECTION OF TIME RESERVED

| | |
|---|---|
| **Christopher A. Haddad, Esquire** | **Andrew B. Carrabis, Esquire** |
| Law Office of Christopher A. Haddad, PA | 401 Clematis Street 5th Floor |
| 319 Clematis Street Suite 812 | West Palm Beach, Florida 33402 |
| West Palm Beach, Florida 33401 | Phone: (561) 822-1362 Fax: (561) 822-1373 |
| Phone: (561) 832-1126 Fax: (561) 832-1127 | acarrabis@wpb.org; |
| caitlin@chrishaddad.com; | dyeargin@wpb.org; |
| chris@chrishaddad.com; | kpatrick@wpb.org; |
| Pat@chrishaddad.com; | svegas-catinella@wpb.org; |

YOU ARE HEREBY NOTIFIED, pursuant to the agreement of the parties, that a confidential Mediation Conference subject to the provisions of Florida Statutes Chapter 44 shall be held in this case as follows:

| | |
|---|---|
| **MEDIATOR:** | **MICHAEL MCMANUS, ESQUIRE** |
| **LOCATION:** | **MATRIX MEDIATION, LLC** |
| | **1655 PALM BEACH BOULEVARD, SUITE 700** |
| | **WEST PALM BEACH, FLORIDA 33401** |
| | **MONDAY, MAY 13, 2024** |
| **STARTING TIME:** | **1:00 PM -  3:00 PM** |
| **PARTIES ARE ENCOURAGED TO SUBMIT WRITTEN MEDIATION SUMMARIES TO:** | **michael@matrixmediation.com;** |

### PRE-PAYMENT REQUIRED: REVIEW TERMS OF ENGAGEMENT

The Terms of Engagement in the letter accompanying this Notice of Mediation are hereby incorporated by reference into this Notice of Mediation. Cancellations must be made two (2) business days prior to mediation to avoid cancellation fees, *including SETTLED cases,* (see attached Terms of Engagement for cancellation policy and fees).

YOU ARE HEREBY NOTIFIED, pursuant to the written agreement of the parties, that a confidential mediation conference subject to the provisions of Florida Statues Chapter 44 for court ordered mediations shall be held in this case as follows: If you are a person with a disability, as defined by the Americans with Disabilities Act, who needs any reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Our offices are ADA accessible. If you require other accommodations, please contact our office at least 72 hours in advance of your mediation to discuss your needs.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via e-filing or email to the above-named addressees this 3rd day of May, 2024.



BY:_____/s/_____
    Michael J. McManus, Esquire
    Florida Bar No.: 814644
    1655 Palm Beach Lakes Boulevard
    Suite 700, The Forum
    West Palm Beach, Florida 33401
    Phone: (561) 340-3500    Fax: (561) 584-7792



Date: **Friday, May 03, 2024**
Notice, Terms of Engagement, Cancellation Policy, Security Information

## TERMS OF ENGAGEMENT WITH MATRIX MEDIATION
## CANCELLATION POLICY

Matrix strives to provide consistently excellent mediation services in a cost-effective way. Our scheduling system and cancellation policy provide client flexibility while respecting the mediator's valuable time. All matrix mediators dedicate their full time to dispute resolution and rely on you and your clients to appear when scheduled.

**Courtesy Confirmations -** As a courtesy, we make every effort to remind clients of their mediation by e-mail ten (10) business days in advance and by telephone confirmation two (2) business days in advance. It is your responsibility to provide us with appropriate advance notice if you need to cancel your mediation. Cancellations can be made at ANY time by calling 561-340-3500 or by emailing/texting the mediator directly.

Cases may be cancelled up to two full business days (not including the date of the mediation) before the scheduled mediation date without incurring a cancellation fee.

**We respectfully request that you place these deadlines into your scheduling calendar to remind yourself and avoid unnecessary cancellation charges.**

Cases cancelled fewer than two (2) business days will incur a fee equal to 50% of the time reserved, split among the parties. We believe this policy allows our clients maximum flexibility for their practices, while recognizing that the mediator's time is valuable as well. ***CHARGES APPLY TO ALL CASES REGARDLESS OF THE REASON, EVEN IF SETTLED. PLEASE CALCULATE THIS CANCELLATION FEE AS PART OF ANY SETTLEMENT MADE LESS THAN TWO (2) BUSINESS DAYS OF THE SCHEDULED MEDIATION.***

**How to cancel your mediation –** Cancel by replying to our pre-confirmation email or contact Matrix directly at (561) 340-3500, (800) 379-2580, or contact the mediator.

Mediators are professionals who deserve the respect of a phone call or email TWO (2) FULL BUSINESS DAYS in advance so that they can utilize their time.

By scheduling your mediation with Matrix, you have agreed to the above Terms of Engagement and Cancellation policy. Please contact us immediately if you have any questions or concerns. We value the trust and confidence you have placed in Matrix Mediation and in Mr. McManus, and we are committed to adding value to your case and to your practice.

**Matrix Mediation, LLC**
Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401



Date: **Friday, May 03, 2024**
Notice, Terms of Engagement, Cancellation Policy, Security Information

### TERMS OF ENGAGEMENT WITH MATRIX MEDIATION
*Please Read Upon Receipt*

Thank you for choosing Michael McManus as your expert mediator. Please review the below Terms of Engagement to confirm your understanding of the Matrix Mediation policy.

**Scheduling–** Now that the parties have agreed on the mediator, the date and time of mediation, rates and minimums, Matrix will send out and file Notice of Mediation and Terms of Engagement to counsel for the parties or pro se litigants. Only the Notice of Mediation will be e-filed with Court.

**Conduct of Mediation-** By their appearance, all participants and their counsel, agree that the Mediation and Confidentiality and Privilege Act (F.S. §44) and F.R.Civ.P. 1.720 shall apply to this mediation. Although Mr. McManus is an experienced trial attorney, he does not provide legal advice or representation to the parties.

**Fees-** Mr. McManus's hourly rate is $174.50 **per hour/per party** for two party cases.
For a three-party case, Mr. McManus's hourly rate is $149.67 **per hour/per party**.
For more than three parties, Mr. McManus's three-party hourly rate shall be allocated equally among the parties.
All new clients, attorneys or firms are a prepay.

There is **NO CHARGE** for **travel.**

Unless agreed differently by the parties, fees are allocated equally among the separate entities (e.g., a married couple represented by one lawyer in a personal injury case is considered a single entity; a defendant driver and vehicle owner who are represented by the same lawyer is a single entity; a doctor and a hospital being sued for the same event but represented by separate lawyers are considered two separate entities).

**Minimum-** The parties **guarantee a two (2) minimum** for this case. If the case exceeds the minimum, the parties guarantee payment for time used. There is **NO CHARGE** for **travel. NO Admin fees.**

**Pre-Payment Due–** Each party's attorney or client agrees to be responsible for timely payment prior to mediation. **Each side agrees to submit a payment in the amount of $349.00 due by May 2, 2024.** Any additional fees must be paid in full at the conclusion of mediation by Counsel or their client. For the convenience of parties, payment may be made online or mailed to Matrix Mediation, LLC. Should the total number of hours spent in mediation exceed the number of reserved hours the additional required payment will be automatically billed to your credit card. If the case is cancelled, then a refund of the payments will be made, less any applicable cancellation fee.

**Mediation Summaries/Demonstrative Information –** Mr. McManus encourages parties to submit summaries and other information at least 48 hours before the scheduled mediation. This gives Mr. McManus a chance to think about the particular issues and custom design the most effective process.

Mr. McManus can be reached on his cell at (303) 907-6282, the office (561) 340-3500, or at michael@matrixmediation.com Thank you for choosing Mr. McManus and Matrix Mediation. Mr. McManus looks forward to achieving a successful resolution.

Sincerely,

*Tamara Polk*

Tamara Polk, Scheduling Coordinator
tamara@matrixmediation.com
Matrix Mediation (561) 340-3500 (800) 379-2580

**Matrix Mediation, LLC**
Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401

Filing # 197571896 E-Filed 05/03/2024 11:54:28 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                 CIVIL DIVISION AJ

            Plaintiff,                        CASE NO. 50-2023-CA-000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

            Defendant.

_____/

### DEFENDANT'S, CITY OF WEST PALM BEACH, WITNESS LIST

**COMES NOW,** the Defendant, THE CITY OF WEST PALM BEACH, by and through

its undersigned counsel and hereby files its Witness List of which the following witnesses may be

called upon to testify at trial.  Defendant reserves the right to amend this list prior to trial to include

additional witnesses.

Witnesses:

1.     All parties to this action.

2.     Ms. Kim Henderson, 1028 Adams Street, West Palm Beach, FL 33407.

3.     Vincent Parton, West Palm Beach Police Department.

4.     Mr. Nicholas Lordi.

5.     Lt. Michael Oswald, West Palm Beach Police Department.

6.     Assistant Chief Tameca West, West Palm Beach Police Department.

7.     Captain Troy Marchese, West Palm Beach Police Department.

8.     All treating medical fires rescue, West Palm Beach Fire Rescue.

9.     Records Custodian and/or Treating Personnel.

Page 2

10.   Any and all collateral source records custodians.

11.   All medical records custodians of all health care providers of the Plaintiff listed on any pretrial catalogue in this action.

12.   All persons named on the incident report for the accident which is the subject of this lawsuit.

13.   All persons named in police report, answers to interrogatories, responses to request to produce, pleadings, and depositions in this cause.

14.   Any and all witnesses listed by the parties to this lawsuit.

15.   All rebuttal and impeachment witnesses.

16.   All medical providers seen by Plaintiff.

17.   Any and all witnesses who have not yet been discovered.

**18.   Compulsory Medical Physician      (Expert)**

19.   Defendant reserves the right to supplement its Witness list with witnesses as they become known to Defendant, upon proper notice to all other parties.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 29th day of April 2024 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1353 (telephone)
(561) 822-1373 (facsimile)

By: /S/ANDREW B. CARRABIS
Andrew Brett Carrabis
Senior Assistant City Attorney
Fla. Bar No. 89782

Filing # 197572019 E-Filed 05/03/2024 11:55:21 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CIVIL DIVISION AJ

        Plaintiff,                              CASE NO. 50-2023-CA-000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.

_____/

**DEFENDANT CITY OF WEST PALM BEACH'S EXHIBIT LIST**

    **COMES NOW,** the Defendant, THE CITY OF WEST PALM BEACH, by and through

its undersigned counsel and hereby files its Exhibit List of which the following witnesses may be

called upon to testify at trial.  Defendant reserves the right to amend this list prior to trial to include

additional exhibits.

Exhibits:

1.  All medical records of Plaintiff's alleged injuries.

2.  All medical bills of Plaintiff's alleged injuries.

3.  Any and all X-Ray and MRI films and reports and/or other diagnostic imaging.

4.  Anatomical models.

5.  Photos of injuries.

6.  Photos of subject area.

7.  Video of subject area.

8.  Body worn camera videos.

9.  All exhibits listed by Plaintiff, without waiving any objections thereto.

10. Any and all insurance, PIP, and/or medical records and payments of Plaintiff.

Page 2

11.    Photographs of the Plaintiff after the incident, (if any).

12.    Photographs of the incident scene (if any).

13.    Any and all transcripts of depositions taken in this legal action.

14.    Any and all answers to interrogatories of Plaintiffs in this legal action.

15.    Any and all documents produced by Defendant pursuant to Requests for Production.

16.    Prescription records of Plaintiff.

17.    Impeachment exhibits.

18.    Mortality tables.

19.    Expert witness reports.

20.    Documents evidencing payment of the Plaintiff's medical bills and expenses or lost wages by any collateral source.

21.    The Incident Report for the subject matter.

22.    City of West Palm Beach Police Department file for the subject matter, if any.

23.    Patrol car video taken of stop which is the subject of this lawsuit (if any).

24.    Written reports of any investigations conducted in the case.

25.    City of West Palm Beach Police Department Standard Operating Procedures and directives applicable at the time of the incident.

26.    CAD Printout, if any.

27.    Certified copies of Plaintiff's arrests.

28.    Certified copies of Plaintiff's convictions.

29.    Pleadings filed in this case.

30.    Transcripts of recorded statements of any witnesses in this action.

31.    Blow-ups of any and all items described on any exhibit list filed in this cause.

Page 3

32.   Surveillance videos and photographs of Plaintiff (if any).

33.   Recorded statements given by Plaintiff to the City of West Palm Beach Police and Risk
      Department pre-suit.

34.   C.V.'s for all expert witnesses.

35.   Demonstrative evidence necessary to aid expert witness testimony and opinion.

36.   All rebuttal and impeachment exhibits necessary for Defendant's case.

37.   Any and all exhibits that have not yet been discovered.

38.   Any and all records produced or that will be produced by records custodians without
      waiving objections to same.

39.   Any and all exhibits that have been listed by Plaintiff without waiving objections to same.

40.   Defendant reserves the right to use charts, diagrams, drawings and other visual aids at the
      trial of this action.

41.   Defendant reserves the right to supplement its Exhibit list with exhibits as they become
      known to Defendant, upon proper notice to all other parties.

**<u>CERTIFICATE OF SERVICE</u>**

   **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 29th day
of April 2024 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER
A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405.

<div align="right">

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1353 (telephone)
(561) 822-1373 (facsimile)

By: /S/ANDREW B. CARRABIS
Andrew Brett Carrabis

</div>

Page 4

Senior Assistant City Attorney
Fla. Bar No. 89782

Filing # 197551694 E-Filed 05/03/2024 09:33:00 AM

JAMIAH SMITH,
    **Plaintiff,**

vs.

**THE CITY OF WEST PALM BEACH; AND
NICHOLAS LORDI, IN HIS INDIVIDUAL
CAPACITY,**
    **Defendants.**

_____/

**IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA**

**CASE NO: 50-2023-CA-000794-XXXX-MB AJ**

## AMENDED NOTICE OF MEDIATION – CORRECTION OF TIME RESERVED

**Christopher A. Haddad, Esquire**
Law Office of Christopher A. Haddad, PA
319 Clematis Street Suite 812
West Palm Beach, Florida 33401
Phone: (561) 832-1126 Fax: (561) 832-1127
caitlin@chrishaddad.com;
chris@chrishaddad.com;
Pat@chrishaddad.com;

**Andrew B. Carrabis, Esquire**
401 Clematis Street 5th Floor
West Palm Beach, Florida 33402
Phone: (561) 822-1362 Fax: (561) 822-1373
acarrabis@wpb.org;
dyeargin@wpb.org;
kpatrick@wpb.org;
svegas-catinella@wpb.org;

YOU ARE HEREBY NOTIFIED, pursuant to the agreement of the parties, that a confidential Mediation Conference subject to the provisions of Florida Statutes Chapter 44 shall be held in this case as follows:

    **MEDIATOR:**    **MICHAEL MCMANUS, ESQUIRE**
    **LOCATION:**    **MATRIX MEDIATION, LLC**
              **1655 PALM BEACH BOULEVARD, SUITE 700**
              **WEST PALM BEACH, FLORIDA 33401**
              **MONDAY, MAY 13, 2024**

    **STARTING TIME:**    **1:00 PM - 3:00 PM**
**PARTIES ARE ENCOURAGED TO SUBMIT
WRITTEN MEDIATION SUMMARIES TO:**    michael@matrixmediation.com;

## PRE-PAYMENT REQUIRED: REVIEW TERMS OF ENGAGEMENT

The Terms of Engagement in the letter accompanying this Notice of Mediation are hereby incorporated by reference into this Notice of Mediation. Cancellations must be made two (2) business days prior to mediation to avoid cancellation fees, *including SETTLED cases,* (see attached Terms of Engagement for cancellation policy and fees).

YOU ARE HEREBY NOTIFIED, pursuant to the written agreement of the parties, that a confidential mediation conference subject to the provisions of Florida Statues Chapter 44 for court ordered mediations shall be held in this case as follows: If you are a person with a disability, as defined by the Americans with Disabilities Act, who needs any reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Our offices are ADA accessible. If you require other accommodations, please contact our office at least 72 hours in advance of your mediation to discuss your needs.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via e-filing or email to the above-named addressees this 3rd day of May, 2024.



    BY: _____/s/_____
    Michael J. McManus, Esquire
    Florida Bar No.: 814644
    1655 Palm Beach Lakes Boulevard
    Suite 700, The Forum
    West Palm Beach, Florida 33401
    Phone: (561) 340-3500    Fax: (561) 584-7792

NOT A CERTIFIED COPY



Date: **Friday, May 03, 2024**
Notice, Terms of Engagement, Cancellation Policy, Security Information

### TERMS OF ENGAGEMENT WITH MATRIX MEDIATION
### CANCELLATION POLICY

Matrix strives to provide consistently excellent mediation services in a cost-effective way. Our scheduling system and cancellation policy provide client flexibility while respecting the mediator's valuable time. All matrix mediators dedicate their full time to dispute resolution and rely on you and your clients to appear when scheduled.

**Courtesy Confirmations** - As a courtesy, we make every effort to remind clients of their mediation by e-mail ten (10) business days in advance and by telephone confirmation two (2) business days in advance. It is your responsibility to provide us with appropriate advance notice if you need to cancel your mediation. Cancellations can be made at ANY time by calling 561-340-3500 or by emailing/texting the mediator directly.

Cases may be cancelled up to two full business days (not including the date of the mediation) before the scheduled mediation date without incurring a cancellation fee.

**We respectfully request that you place these deadlines into your scheduling calendar to remind yourself and avoid unnecessary cancellation charges.**

Cases cancelled fewer than two (2) business days will incur a fee equal to 50% of the time reserved, split among the parties. We believe this policy allows our clients maximum flexibility for their practices, while recognizing that the mediator's time is valuable as well. ***CHARGES APPLY TO ALL CASES REGARDLESS OF THE REASON, EVEN IF SETTLED. PLEASE CALCULATE THIS CANCELLATION FEE AS PART OF ANY SETTLEMENT MADE LESS THAN TWO (2) BUSINESS DAYS OF THE SCHEDULED MEDIATION.***

**How to cancel your mediation** – Cancel by replying to our pre-confirmation email or contact Matrix directly at (561) 340-3500, (800) 379-2580, or contact the mediator.

Mediators are professionals who deserve the respect of a phone call or email TWO (2) FULL BUSINESS DAYS in advance so that they can utilize their time.

By scheduling your mediation with Matrix, you have agreed to the above Terms of Engagement and Cancellation policy. Please contact us immediately if you have any questions or concerns. We value the trust and confidence you have placed in Matrix Mediation and in Mr. McManus, and we are committed to adding value to your case and to your practice.

NOT A CERTIFIED COPY

**Matrix Mediation, LLC**
Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401



Date: **Friday, May 03, 2024**
Notice, Terms of Engagement, Cancellation Policy, Security Information

### TERMS OF ENGAGEMENT WITH MATRIX MEDIATION
*Please Read Upon Receipt*

Thank you for choosing Michael McManus as your expert mediator. Please review the below Terms of Engagement to confirm your understanding of the Matrix Mediation policy.

**Scheduling**– Now that the parties have agreed on the mediator, the date and time of mediation, rates and minimums, Matrix will send out and file Notice of Mediation and Terms of Engagement to counsel for the parties or pro se litigants. Only the Notice of Mediation will be e-filed with Court.

**Conduct of Mediation-** By their appearance, all participants and their counsel, agree that the Mediation and Confidentiality and Privilege Act (F.S. §44) and F.R.Civ.P. 1.720 shall apply to this mediation. Although Mr. McManus is an experienced trial attorney, he does not provide legal advice or representation to the parties.

**Fees-** Mr. McManus's hourly rate is $174.50 **per hour/per party** for two party cases.
For a three-party case, Mr. McManus's hourly rate is $149.67 **per hour/per party**.
For more than three parties, Mr. McManus's three-party hourly rate shall be allocated equally among the parties.
All new clients, attorneys or firms are a prepay.

There is **NO CHARGE** for travel.

Unless agreed differently by the parties, fees are allocated equally among the separate entities (e.g., a married couple represented by one lawyer in a personal injury case is considered a single entity; a defendant driver and vehicle owner who are represented by the same lawyer is a single entity; a doctor and a hospital being sued for the same event but represented by separate lawyers are considered two separate entities).

**Minimum-** The parties **guarantee a two (2) minimum** for this case. If the case exceeds the minimum, the parties guarantee payment for time used. There is **NO CHARGE** for travel. **NO Admin fees.**

**Pre-Payment Due–** Each party's attorney or client agrees to be responsible for timely payment prior to mediation. **Each side agrees to submit a payment in the amount of $349.00 due by May 2, 2024.** Any additional fees must be paid in full at the conclusion of mediation by Counsel or their client. For the convenience of parties, payment may be made online or mailed to Matrix Mediation, LLC. Should the total number of hours spent in mediation exceed the number of reserved hours the additional required payment will be automatically billed to your credit card. If the case is cancelled, then a refund of the payments will be made, less any applicable cancellation fee.

**Mediation Summaries/Demonstrative Information –** Mr. McManus encourages parties to submit summaries and other information at least 48 hours before the scheduled mediation. This gives Mr. McManus a chance to think about the particular issues and custom design the most effective process.

Mr. McManus can be reached on his cell at (303) 907-6282, the office (561) 340-3500, or at michael@matrixmediation.com Thank you for choosing Mr. McManus and Matrix Mediation. Mr. McManus looks forward to achieving a successful resolution.

Sincerely,

*Tamara Polk*

_____
Tamara Polk, Scheduling Coordinator
tamara@matrixmediation.com
Matrix Mediation (561) 340-3500 (800) 379-2580

**Matrix Mediation, LLC**
Palm Beach County: 1655 Palm Beach Lakes Boulevard, Suite 700, The Forum, West Palm Beach, Florida 33401

Filing # 198013536 E-Filed 05/09/2024 05:01:40 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                CIVIL DIVISION AJ
      Plaintiff,                           CASE NO.: 502023CA000794XXXXMB

vs.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
      Defendants.
_____/

## NOTICE OF CANCELLATION OF MEDIATION

TO:    Andrew Carrabis, acarrabis@wpb.org; dyeargin@wpb.org; kpatrick@wpb.org; svegas-
catinella@wpb.org; 401 Clematis Street, 5th Floor, WPB, FL  33401
Michael McManus, michael@matrixmediation.com; 1655 Palm Beach Lakes Blvd.,
WPB, FL  33401

      **YOU ARE HEREBY NOTIFIED** that the Mediation set for May 13, 2024 at 1:00 pm in
the above-referenced matter is hereby cancelled.

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via
electronic mail via the Florida Courts E-Filing Portal on this 9th day of May, 2024, to the above-
named addressees.

                              Respectfully submitted,

                              CHRISTOPHER A. HADDAD, P.A.
                              319 Clematis Street, Suite 812
                              West Palm Beach, FL  33401
                              Telephone:  (561) 832-1126
                              chris@chrishaddad.com

                              By: _/s/ Christopher A. Haddad_
                                  CHRISTOPHER A. HADDAD
                                Fla. Bar No. 0879592

NOT A CERTIFIED COPY

Filing # 198014957 E-Filed 05/09/2024 05:14:05 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                         CIVIL DIVISION AJ
            Plaintiff,           CASE NO. 50-2023-CA-000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,
            Defendant.
_____/

## NOTICE OF COMPULSORY MEDICAL EXAMINATION

COMES NOW, Defendant, CITY OF WEST PALM BEACH, by and through their undersigned attorney, and pursuant to Florida Rule of Civil Procedure 1.360(a)(1), hereby requests that the Plaintiff, **JAMIAH SMITH**, submit to a Compulsory Medical Examination by:

| | |
|---|---|
| **Name of Physician:** | **MICHAEL S. ZEIDE, M.D., LLC** |
| **Address:** | **Complex Medical Evaluations**<br>**1501 Presidential Way, Suite 6**<br>**West Palm Beach, FL 33401**<br>**561-815-8585** |
| **Date and Time:** | **Wednesday, May 15, 2024 at 3:00pm** |

The examination shall be a standard physical examination and will not include invasive testing or medical procedures.

Defendant has good cause to request this physical examination. Plaintiff alleges in the Complaint that his injuries sustained in the subject accident are permanent and/or that such injuries will continue in the future. Specifically, Plaintiff alleges personal injury in this lawsuit to his right wrist, and will be subject to the compulsory medical examination.

Jamiah Smith vs. City of West Palm Beach
Case No. 502023CA000794XXXXMB AJ
Notice of Compulsory Medical Examination of Plaintiff
Page 2

Defendant will furnish Plaintiff's counsel with a copy of the physician's detailed written report, as set forth in Subsection(b)(1) of Rule 1.360. If Plaintiff's counsel requests a copy of the detailed written report of the examiner, Defendant request copies of any reports previously or thereafter made by any other physicians.

If the examining physician is called as a witness by any party to this action, he or she shall not be identified as appointed by the court.

In the event Plaintiff fails to appear for the examination at the time and date above mentioned, and a disruption fee is charged, the Defendant will seek payment of the disruption fee directly from the Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 9th day of May 2024 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405; Chris Haddad <chris@chrishaddad.com>; Pat Memorio Pat@chrishaddad.com.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1353 (telephone)
(561) 822-1373 (facsimile)

By: /s/*ANDREW B. CARRABIS*
Andrew Brett Carrabis
Senior Assistant City Attorney
Fla. Bar No. 89782

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,

      Plaintiff,

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

      Defendant.

_____/

CIVIL DIVISION:  AJ

CASE NO.:  502023CA000794XXXXMB

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT

**THIS CAUSE** having come before the Court upon Plaintiff's, **JAMIAH SMITH**, Motion

for Leave of Court to File Amended Complaint, and the Court after having considered the Motion

and being otherwise advised in the premises, it is hereby

    **ORDERED AND ADJUDGED** that :

A. The Motion to File an Amended Complaint is hereby **GRANTED**.

B. The Defendant, **NICHOLAS LORDI**, in his individual capacity, shall have 20 days

    from the date of this order to file any responsive pleadings.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.



502023CA000794XXXXMB   05/09/2024
Maxine Cheesman
Circuit Judge

Copies Furnished:
Andrew Carrabis, Office of the City Attorney, acarrabis@wpb.org; dyeargin@wpb.org;
kpatrick@wpb.org; svegas-catinella@wpb.org; 401 Clematis Street, WPB, FL  33401

Christopher A. Haddad, chris@chrishaddad.com; 319 Clematis Street, Suite 812, WPB, FL  33401

Filing # 198914266 E-Filed 05/22/2024 10:43:56 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                   CIVIL DIVISION AJ

        Plaintiff,                          CASE NO. 50-2023-CA-000794XXXXMB

v.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

        Defendant.

_____/

**AGREED MOTION TO CONTINUE TRIAL DOCKET**

Plaintiff, JAMIAH SMITH, and Defendants, CITY OF WEST PALM BEACH and

NICHOLAS LORDI, by and through their undersigned counsels, pursuant to the Florida Rule of

Civil Procedure, hereby file their Agreed Motion to Continue Trial Docket and as grounds

therefore, states as follows:

1.     This action was commenced by Plaintiff, JAMIAH SMITH ("Plaintiff"), with the

filing of his Complaint on January 27, 2023.

2.     On February 1, 2023, the Defendants were served with the first Complaint.

3.     On May 15, 2024, the Court granted and the Plaintiff filed an amended complaint,

which included a constitutional claim against Lordi under 42 U.S.C. § 1983.

4.     The pleadings are currently open and the case is not at issue.

5.     All parties agree to continue the case from the May 24, 2024 calendar call and

upcoming trial docket.

1

WHEREFORE, Plaintiff, JAMIAH SMITH and Defendants, CITY OF WEST PALM

BEACH and NICHOLAS LORDI respectfully request this Honorable Court grant their motion to

continue the trial docket and for any other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent
via electronic filing with the Clerk of Court through Florida Courts e-filing Portal on this 22nd day
of May 2024 to the following: Christopher A. Haddad, P.A., LAW OFFICE OF CHRISTOPHER
A. HADDAD, 319 Clematis Street, Suite 812, West Palm Beach, FL 33405;
chris@chrishaddad.com; Pat@chrishaddad.com.

OFFICE OF THE CITY ATTORNEY
CITY OF WEST PALM BEACH
401 Clematis Street, Fifth Floor
West Palm Beach, FL 33401
(561) 822-1353 (telephone)
(561) 822-1373 (facsimile)

By: /s/*ANDREW B. CARRABIS*
Andrew Brett Carrabis
Senior Assistant City Attorney
Fla. Bar No. 89782

Filing # 199256717 E-Filed 05/28/2024 11:22:27 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    CASE NO.:    2023CA000794XXXXMB

     Plaintiff,                                DIVISION:    AJ

vs.

THE CITY OF WEST PALM BEACH; and
NICHOLAS LORDI, in his Individual Capacity.

     Defendants.

_____/

**TO:**   **Nicholas Lordi**
       **5404 Eagle Lake Drive**
       **West Palm Beach, FL   33418**

<div align="center">

**SUMMONS**

</div>

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

     **YOU ARE COMMANDED** to serve this Summons and a copy of the Amended
Complaint in this action on Defendant, **Nicholas Lordi.**

     The Defendant is required to serve written defenses to the Complaint on Christopher A.
Haddad, Plaintiff's attorney, whose address is 319 Clematis Street, Ste 812, West Palm Beach,
Florida 33405, within thirty (30) days after service of this Summons on the Defendant, exclusive
of the date of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter.  If the Defendant fails to do so, a
Default will be entered against the Defendant for the relief demanded in the Complaint.

Dated:  May 28, 2024

                        JOSEPH ABRUZZO
                        As Clerk of the Court

                        By: _____
                               As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you.  You have 30 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.   There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff's Attorney, named below:

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812
West Palm Beach, Florida 33405
(561) 832-1126

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 30 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa. debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Se desea responder a la demanda por su cuenta, al mismo tiempa en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la personal denominada abajo como 'Plaintiff/Plaintiff's Attorney' (Demandante o Abogado del Demandante).

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812
West Palm Beach, Florida 33405
(561) 832-1126

**IMPORTANT**

Des poursuites judiciaries ont ete enterprises contre vous.  Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe

aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre argent, et vos biens pevuent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Iiy a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuair de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au 'Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat nomme ci-dessous.

Christopher A. Haddad, P.A.
Law Office of Christopher A. Haddad
319 Clematis Street, Ste 812
West Palm Beach, Florida 33405
(561) 832-1126

**This notice is provided pursuant to Administrative Order No. 2.207-6/22 (ADA)**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

**SPANISH**

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

**CREOLE**

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte

William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si sè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AJ"
CASE NO.: 50-2023-CA-000794-XXXX-MB
JAMIAH SMITH,
    Plaintiff/Petitioner
vs.
THE CITY OF WEST PALM BEACH,
NICHOLAS LORDI,
    Defendant/Respondents.
_____/

**ORDER SETTING JURY TRIAL, PRETRIAL CONFERENCE AND
DIRECTING PRETRIAL AND MEDIATION PROCEDURES**

I. **SCHEDULING**

    This action is set for Jury Trial on the Court's Trial Docket sometime between **October 7, 2024** and **December 13, 2024 (8-WEEK DOCKET). E-CALENDAR CALL is set for September 6, 2024. The 8-Week Docket will be posted on the Court's website (15thcircuit.com) on that date. The case will be on call all 8-weeks of the docket**. Pursuant to the Notice for Jury Trial, the Court has reserved **TBD** for the trial.

    **ELECTRONIC CALENDAR CALL. All notices of unavailability, conflict pre-paid vacation, special set trial settings only, must be filed and provided to the Court ten (10) days prior to E-Calendar Call to be considered in setting matters on the docket.** You are directed to both email the Judicial Assistant and file in the Court file your unavailability dates one week before this E-Calendar Date. The Court does not have in person/zoom calendar call.

II. **CASE MANAGEMENT ORDER**

Pursuant to Fla. Admin. Order AOSC20-23, Amendment 10 (Fla. March 9, 2021) and Administrative Order 3.107 or 3.108, a Differentiated Case Management Order ("CMO") may have been previously entered in this case. The CMO sets forth, inter alia, deadlines for the following:

    a. Completion of Fact Witness Discovery;
    b. Completion of Expert Discovery; and
    c. Alternative Dispute Resolution (Mediation).

    **The deadlines set forth in this Order control pretrial procedure in this case and supersede any conflicting deadlines set forth in the CMO.**

III. **UNIFORM PRETRIAL PROCEDURE**

    A. **Exhibits and Witnesses.** On the last business day no later than **120 DAYS PRIOR**

Case No. 50-2023-CA-000794-XXXX-MB

**TO CALENDAR CALL**, the parties shall exchange lists of all trial exhibits, names and addresses of all trial witnesses, and names and addresses of all expert witnesses.

B. <u>**Rebuttal Witnesses.**</u> On the last business day no later than **60 DAYS PRIOR TO CALENDAR CALL**, the parties shall exchange lists of names and addresses of all rebuttal witnesses.

C. <u>**Discovery Cutoff.**</u> Unless otherwise agreed in the Pretrial Stipulation, all discovery must be completed no later than **10 DAYS BEFORE THE DATE SET FOR CALENDAR CALL**, absent agreement for later discovery specifically stated in the Pretrial Stipulation or for other good cause shown.

D. <u>**Meet and Confer.**</u> On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties shall confer and:

1. discuss settlement;
2. simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. prepare a Pretrial Stipulation in accordance with paragraph E; and
4. list all objections to trial exhibits.

E. <u>**Filing of Pretrial Stipulation.**</u> It shall be the duty of counsel for the Plaintiff to see that the Pretrial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pretrial Stipulation shall contain in separately numbered paragraphs:

1. a list of all pending motions including Motions in Limine and Daubert Motions requiring action by the Court and the dates those motions are set for hearing (Motions in Limine and Daubert Hearings shall not be heard the day of trial or thereafter).
2. stipulated facts which require no proof at trial which may be read to the trier of fact;
3. a statement of all issues of fact for determination at trial;
4. each party's numbered list of trial exhibits with specific objections, if any, to schedules attached to the Stipulation;
5. each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses shall be on separate schedules attached to the Stipulation;
6. a statement of estimated trial time;
7. names of attorneys to try case; and
8. number of peremptory challenges per party.

Failure to file the Pretrial Stipulation or a Court Approved Unilateral Stipulation as above provided may result in the case being stricken from the Court's calendar at its sounding or other sanctions.

Case No. 50-2023-CA-000794-XXXX-MB

*No Motions will be heard on the day of trial, unless otherwise ordered by the Court. All Motions must be filed and heard at least ten (10) days before trial.*

F. **Required Expert Disclosure.** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties shall provide:

1. the subject matter about which the expert is expected to testify;
2. the substance of the facts and opinions to which the expert is expected to testify;
3. a summary of the grounds for each opinion;
4. a copy of any written reports issued by the expert regarding this case; and
5. a copy of the expert's curriculum vitae

G. **Additional Exhibits, Witnesses or Objections.** At trial, the parties shall be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pretrial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D shall immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

H. **Pretrial Conference.** Pursuant to Fla. R. Civ. P. 1.200, a pretrial Conference pursuant to Fla. R. Civ. P. 1.200 is set for **July 29, 2024 AT 09:00 am**.

At this pretrial conference, the parties must be prepared to discuss any pending discovery, pending motions, the number of jurors needed for trial, number of witnesses, amount of days needed for trial, stipulations to evidence and jury selection procedures. No pending motions will be heard at the pretrial conference, other than motions for continuance.

This hearing will be via Zoom using the following link:

Join Zoom Meeting

https://us02web.zoom.us/j/85452103883

Meeting ID: 854 5210 3883

Password: none needed

Dial-in Information

888 475 4499 US Toll-free

877 853 5257 US Toll-free

**This hearing may not be canceled without a Court Order. If your case has settled, please notify the Judicial Assistant to obviate the need for this Pretrial Conference. Failure to appear may result in the court imposing sanctions,**

Case No. 50-2023-CA-000794-XXXX-MB

including **STRIKING OF PLEADING, LIMIT PROOF OR WITNESSES and/or DISMISSAL OF ACTION,** or take any other appropriate action without further notice by the Court.

**The parties must make a good faith effort to meet and confer at least five (5) days prior to this hearing to confer and narrow/resolve the issues to be tried before the Court.**

I.  <u>Unique Questions of Law.</u> Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions which may reasonably be anticipated to arise during the trial.

J.  <u>**Evidence Portal**</u>

All counsels must attend the evidence portal training and/or review the evidence portal training video located at: https://www.youtube.com/watch?v=gHpA3zHoRw0 at least 72 hours before trial.

    A. Per the aforementioned, the parties must meet and confer ten (10) prior to trial to discuss stipulations to evidence.

    B. All evidence must be uploaded to the evidence portal 72 hours prior to trial.

    C. All evidence uploaded to the evidence portal must also have a hard copy presented in court for jurors to review during deliberations.

    D. If you have any issues or questions regarding the evidence portal please send an email to cad-web@pbcgov.org

K.  <u>**Deposition Designations.**</u> No later than **20 DAYS PRIOR TO CALENDAR CALL,** each party shall serve his, her, or its designation of depositions, or portions of depositions, each intends to offer as testimony in his, her or its case in chief. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party shall serve his, her, or its counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than calendar call, each party shall serve his, her or its objections to counter designations served by an opposing party.

IV.  <u>**Mediation**</u>

    A. All parties are required to participate in pretrial mediation, regardless of whether they had participated in mediation in the past. The following shall apply to mediation:

        1. The appearance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

        2. At least one week prior to a scheduled mediation conference, all parties shall file with the mediator a brief, written summary of the case containing a list of issues as to each party. If an attorney or party filing the summary wishes its content to remain confidential, he/she must advise the mediator in writing when the report is filed.

Case No. 50-2023-CA-000794-XXXX-MB

    3. All discussions, representations, and statements made at the mediation conference shall be privileged consistent with Florida Statutes sections 44.102 and 90.408.

    4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it shall be the responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. The Plaintiff's attorney shall be responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (f), Fla. R. Civ. P. The lead attorney or party shall file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. ***Completion of pre trial mediation prior to calendar call is a prerequisite to trial***. If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

Furthermore, if the parties have mediated but mediation did not occur within six (6) months of the trial date, then the parties must return to pretrial mediation to make a good faith effort to narrow/resolve the issues before the Court.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1,700(b).

V. **NONCOMPLIANCE**

**NONCOMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE CASE, WITNESSES, EXHIBITS, OR IMPOSITION OF SUCH OTHER SANCTIONS THAT THE COURT DEEMS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2023-CA-000794-XXXX-MB   06/12/2024
Maxine Cheesman
Circuit Judge

**COPIES TO:**

| ANDREW B. CARRABIS | 401 CLEMATIS STREET | acarrabis@wpb.org |
| | FIFTH FLOOR | dyeargin@wpb.org |
| | WEST PALM BEACH, FL | kpatrick@wpb.org |
| | 33402 | |

Case No. 50-2023-CA-000794-XXXX-MB

| CHRISTOPHER ALFRED HADDAD | 319 CLEMATIS STREET SUITE 812 WEST PALM BEACH, FL 33401 | CHRIS@CHRISHADDAD.COM pat@chrishaddad.com |
| --- | --- | --- |
| DON STEPHENS | No Address Available | dstephens@oslegal.com |
| DOUGLAS YEARGIN | No Address Available | dyeargin@wpb.org |
| NICHOLAS LORDI | 401 CLEMATIS STREET, 5TH FLOOR C/O MAYOR KEITH JAMES WEST PALM BEACH, FL 33405 | No E-mail Address Available |
| RODNEY G ROMANO | No Address Available | evonna@matrixmediation.com |

Case No. 50-2023-CA-000794-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JAMIAH SMITH,                                    **CIVIL DIVISION AJ**

                    Plaintiff,                   **CASE NO. 502023CA000794XXXXMB**

vs.

THE CITY OF WEST PALM BEACH, and
NICHOLAS LORDI, in his Official
Capacity,

                    Defendants.
_____/

## AGREED ORDER ON MOTION TO CONTINUE TRIAL DOCKET

THIS CAUSE, having come before this Honorable Court on the parties Agreed Motion to Continue the Trial Docket and the Court being otherwise fully advised in the premises, it is hereupon:

        **ORDERED and ADJUDGED** as follows:

1.      The Parties Agreed Motion to Continue the Trial Docket is hereby GRANTED.

2.      A separate trial order will follow.

DONE and ORDERED at West Palm Beach, Palm Beach County, Florida.

502023CA000794XXXXMB    06/12/2024
Maxine Cheesman
Circuit Judge

Copies to:

Christopher A. Haddad, Esquire, Law Office of Christopher Haddad, PA, 319 Clematis Street, Suite 812, West Palm Beach, FL  33401, chris@chrishaddad.com; pat@chrishaddad.com.

Andrew Carrabis, Senior Assistant City Attorney, City of West Palm Beach, 401 Clematis Street, West Palm Beach, FL 33401, acarrabis@wpb.org; kpatrick@wpb.org.